[Sac. No. 2170. In Bank.—December 15, 1914.]

J. C. LONG, Appellant, v. S. P. HAMMOND, Respondent.

LANDLORD AND TENANT—LEASE OF FARM, IMPLEMENTS, AND CATTLE—
WHEN LESSEE NOT AUTHORIZED TO SELL LEASED PROPERTY.—A lease
of land, together with certain farming implements and other per-
sonal property, including a designated number each of cows,
yearlings, heifers, steers, bulls, and horses, for the term of five
years, "for the rental value of one-half the increase of said stock,
i, e., that is to say that at the end of said term of five years, the
said lessee shall surrender to the lessor the said premises in good
condition, wear, tear, and the elements excepted, make the number
of stock herein contained good, and one-half of all increase, together
with all personal effects, herein described as going with the land
such as wagons, harness, farming implements," etc., does not au-
thorize the lessee to sell any of the demised property. The pro-
vision that the lessee shall "make the number of stock herein con-
tained good," means that he shall replace such stock as might die
or be lost during the term.

ID.—NO AUTHORITY IN LESSEE TO SELL LEASED PROPERTY UNLESS EX-
PRESS OR FAIRLY IMPLIED.—No authority rests in a lessee to sell
or otherwise dispose of the lessor's property unless there be express
provision therefor in the lease, or unless by fair implication from
the terms of the lease such authority may be inferred.

ID.—EVIDENCE—UNAMBIGUOUS LEASE—PAROL EVIDENCE INADMISSIBLE
TO EXPLAIN INTENT.—There is no such ambiguity in the words,
"make the number of stock herein contained good," used in such
lease, as to justify a resort to parol evidence to show that it was
intended to give the lessee authority to sell any of the demised
property, where admittedly the words were used in their primary
and general acceptation.

APPEAL from a judgment of the Superior Court of Modoc
County.   Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

N. A. Cornish, and D. B. Robnett, for Appellant.

Jamison & Wylie, for Respondent.

ANGELLOTTI, J.—This is an appeal on the judgment-roll
by plaintiff from a judgment given in favor of defendant.
The only question presented by the appeal is whether, under
the terms of a certain lease made by plaintiff to defendant,
defendant had the right to sell any of the live stock constitut-

ing a part of the demised property. If he had no such right
the judgment must be reversed.

By the lease, executed May 22, 1911, plaintiff leased to
defendant a tract of land containing one hundred and sixty
acres, together with all farming implements and machinery
on the premises, a wagon, a cart, and certain harness, and
"4 cows, 12 yearlings 7 of which are heifers and 5 steers and
one bull, . . . 7 head of horses, consisting of 3 work horses,
1–3 year old filly, 2–2 year old geldings and one yearling
filly," for the term of five years "for the rental value of
one-half the increase of said stock, i. e., that is to say that
at the end of said term of five years, the said lessee shall
surrender to the lessor the said premises in good condition,
wear, tear, and the elements excepted, make the number of
stock herein contained good, and one-half of all increase,
together with all personal effects, herein described as going
with the land such as wagons, harness, farming implements,
etc."

Defendant having entered into possession of the demised
property, some time prior to the commencement of this ac-
tion (April 13, 1912), sold the bull, three head of two year
old steers, and four horses, for the sum "of about $240.00,"
and, as admitted by the pleadings, appropriated the proceeds
to his own use. The lower court concluded that under the
terms of the lease which we have substantially set forth, de-
fendant was authorized to sell such property.

We are unable to find in the provisions of the lease any
authorization to defendant to sell any of the demised prop-
erty belonging to plaintiff. We have here a lease of certain
specified real and personal property, including certain live
stock, for the term of five years, the rental prescribed being
"one-half of the increase of said stock," with covenants re-
lative to the return of the property at the expiration of the
term. No authority rests in a lessee to sell or otherwise dis-
pose of the lessor's property unless there be express provision
therefor in the lease, or unless by fair implication from the
terms of the lease such authority may be inferred. Certainly
no such express provision was here contained, and there is no
basis at all for any claim that such authorization may be
inferred, except in so far as such claim may be based on the
provision that at the end of the term the lessee shall sur-
render the premises, farming implements, etc., and "make
the number of stock herein contained good." To our minds

this provision furnishes no sufficient basis for any such claim. Obviously it was inserted for the purpose of requiring the lessee to replace such of the stock as might die or in some way be lost during the term. He must bear the loss, and return all of the stock leased, together with one-half of the increase thereof, making good by replacing the same any portion of the stock that may have been lost during the term. This, in our opinion, is the only reasonable construction to be given to the language of the lease. It is to be observed that the only rental prescribed is one-half of the increase of the live stock that was demised. This necessarily contemplates a retention of the very live stock demised. Under defendant's theory, he might sell all of the live stock, for if he can sell any he can sell all, and refrain from replacing any of the same until the termination of the lease, thus practically depriving the lessor of rental altogether. We see no warrant in the language of the lease for the construction placed upon it by defendant.

There is nothing in this case warranting the assumption that the trial court may have received parol evidence sufficient to justify it in construing the lease as authorizing the lessee to sell any of the stock demised. To our minds, there is no such ambiguity in the language used with regard to any matter involved in this appeal as to have justified a resort to parol evidence to show that it was intended to give the lessee authority to sell any of the demised property. There is no question in the case as to the meaning of any or all of the words used in the provision requiring the lessee to "make the number of stock herein contained good," and neither party disputes that the words were used "in their primary and general acceptation." (Code Civ. Proc., sec. 1861.) The question is whether when taken as so used, they can be held to imply a power of sale in the lessee. The finding of fact of the trial court, taken in connection with its conclusions of law, are consistent only with the theory that it concluded purely *as a matter of law* from the provisions of the lease alone, which to our minds are plain and unambiguous, that the lessee had the right under the lease to sell the property that he has disposed of.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Sloss, J., Shaw, J., Melvin, J., and Lorigan, J., concurred.