[Crim. No. 3176.   In Bank.—January 30, 1929.]

THE PEOPLE, Respondent, v. ALLEN ELLIS, Appellant.

354

William A. White for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

SHENK, J.—An information was filed jointly charging Allen Ellis, Lowell Davis and Bill Krieger with the crime of murder. Ellis and Krieger were jointly tried. The verdict found the defendant Krieger guilty of murder of the first degree and recommended life imprisonment. The defendant Ellis was also found guilty of murder of the first degree and the jury fixed the extreme penalty. This is an appeal by the defendant Ellis from the judgment of conviction and from an order denying his motion for a new trial.

According to the written confessions of all three participants in the crime, each was eighteen years of age and resided at Sanger. About 7 o'clock in the evening of June 13, 1928, the three left Sanger in a Ford roadster and proceeded to Fresno. As they passed through Selma the suggestion was made by one of them that they "hold up somebody" in Fresno. After they entered Fresno they rode around the city for a while, finally arriving, at about 10:30 P. M., in the vicinity of the end of the street-car line in a section known as the Normal District, where they saw a man alight from a street-car. They drove around the block. Ellis and Davis got out of the automobile and walked some distance toward the man who had left the street-car and was proceeding to his home. Krieger remained away in the car. Davis was armed with a loaded billy and Ellis had a .45 caliber automatic Colt's U. S. army pistol. Ellis and Davis met the man face to face and Ellis ordered him to put up his hands. The man replied: "Go to hell." Whereupon Ellis fired the gun twice. The first shot did not take effect, but the second shot penetrated the vitals of Francis O. Weisert, a man engaged in the automobile business in the city of Fresno, and who had a wife and four children. The victim staggered to the ground and died a few hours later as the result of the wound. After the shooting Ellis and Davis jumped into the Ford roadster and, with Krieger as the driver, returned to their respective homes at Sanger. They were apprehended by police officers early on the morning of the next day.

The sole defense of the defendant Ellis was that he was under the age of eighteen years at the time the offense was

committed. The jury found against him on this issue. In support of the appeal eighteen errors are specified. Four of them only need be discussed. █ The first to be noted is the claim that prejudicial error was committed by the court in submitting a certain instruction to the jury relating to the burden of proof as to the age of the appellant. The pertinent portion of the instruction is as follows: "You are instructed that every person guilty of murder of the first degree shall suffer death, or confinement in the state prison for life, at the discretion of the jury trying the case . . . provided, however, that the death penalty shall not be imposed or inflicted upon any person for murder committed before such person shall have reached the age of eighteen years; provided, further, that the burden of proof as to the age of said person shall be upon the defendant.

"From the foregoing you are to understand that it is not incumbent upon the prosecution to prove that at the time of the homicide the defendant, Allen Ellis, was over the age of eighteen years. The law presumes that the defendant was over the age of eighteen years. This presumption of the defendant being beyond the age of eighteen years must prevail unless from a preponderance of the evidence introduced you are convinced that any such defendant was under the age of eighteen years at the time of the commission of the offense."

Section 190 of the Penal Code as amended in 1921 provides that where the age of the defendant is in issue "the burden of proof as to the age of said defendant shall be upon the defendant." It is insisted that the court erred in declaring that the law "presumes" that the defendant was over the age of eighteen years. We are satisfied that the effect of the provision in said section 190 is that if there be no proof that the defendant was under eighteen years of age at the time of the commission of the offense, and no circumstance, such as the appearance of the defendant, is present sufficient to establish that he was under age, the jury would be bound to find that he was of the age of eighteen or over. There would seem to be no valid reason, and the appellant has suggested none, why the word "presumption" might not properly be used in this connection. Section 1959 of the Code of Civil Procedure defines a presumption as a "deduction which the law expressly directs to be made from

particular facts." It is in the nature of evidence and, unless conclusive, may be controverted by other evidence, but unless controverted the jury is bound to find in accordance with the presumption. (Sec. 1961, Code Civ. Proc.) A presumption is the equivalent of proof, without express or affirmative proof, and is conclusive in the absence of any evidence contravening it. (See *People* v. *Harris*, 169 Cal. 53 [145 Pac. 520].) When the law provides on whom shall rest the burden of proof, it establishes a rule as to which party shall first proceed and go forward with the evidence, or prove the issue, the presumption then being against the party having the burden of proof. (22 Cor. Jur. 83.) ▮

It is also insisted that the court erred in that portion of the instruction wherein the jury was told that the burden was upon the defendant to prove "by a preponderance of the evidence" that he was under the age of eighteen years at the time of the commission of the offense, and it is contended that the instruction should have been that if the jury should find from the evidence that the defendant had not reached the age of eighteen years before the offense was committed, or if the jury should have a reasonable doubt on that point, then, under the law, the death penalty could not be imposed on the defendant. This point apparently has not been passed upon in this jurisdiction.

It is the established law of this state that when the plea of insanity is interposed in a criminal case the burden of proof is upon the defendant, and in order that the defendant may prevail on that issue the proof must be by a preponderance of the evidence. In the concurring opinion in *People* v. *Harris, supra,* it was well said at page 71 [145 Pac. 527] : "When insanity is interposed as a defense, that one particular issue is removed from the operation of the rule of reasonable doubt. It forms an exception to it. Our law is this: If the jury entertain a reasonable doubt concerning the proof of any material issue in a criminal case, it must give the defendant the benefit of that doubt and acquit him, unless the particular issue be that of insanity. As to this issue a reasonable doubt is not sufficient to justify an acquittal at the hands of the jury, but they must be convinced that the defense of insanity is established by a preponderance of the evidence." To denominate the plea of insanity a "defense" to crime is not strictly accurate. More

correctly it is a special plea to the effect that, assuming the homicide to have resulted from the act of the defendant, he is not amenable to punishment under the law. So, too, assuming the commission of the crime by the defendant, the plea of under-age does not go to the question of guilt but only to the question of the amenability of the defendant to suffer the death penalty. When by legislative enactment the state has placed on the defendant the burden of proof as to the issue of under-age, the law has established another exception to the general rule as to the *quantum* of proof required on an issue in a homicide case and has removed the issue of under-age from the operation of the rule of reasonable doubt. Since the law has imposed the burden of proof by a preponderance of evidence on the defendant on the issue of insanity we discover no good reason for prescribing a different rule where the burden of proof is placed on the defendant on the issue of under-age. Each is in the nature of a special plea and is interposed on the assumption that the commission of the overt act may be proved beyond a reasonable doubt.

The appellant seeks to have the rule in alibi cases applied here and relies on such cases as *People* v. *Winters*, 125 Cal. 325 [57 Pac. 1067], where an instruction including the following was approved: ''In other words, the defendant is not bound or required to prove an alibi beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if the evidence upon that point, if any, raises a reasonable doubt in your minds of his presence at the time and place of the commission of the crime charged.'' From this state of the law in the case of an alibi it is argued that the same rule shall apply to an issue of under-age. We cannot so conclude. The question of the presence of the defendant at the scene of the homicide is an inherent element in the prosecution's case and goes directly to the question of guilt, excepting, for example, in cases of homicide by poison and conspiracy to commit a felony. In other words, when an alibi is sufficiently established an acquittal would necessarily result. On the other hand, when sufficient proof of the homicide is otherwise shown, adequate proof that the defendant was under eighteen years of age at the time of its commission would not prevent a verdict of guilty. The proof of the age of the defendant in such cases would affect only the extent of

the punishment by relieving the defendant of the extreme penalty as matter of law.

If we were to hold otherwise on the point just discussed, nevertheless we would feel compelled on the record before us to conclude that the appellant had suffered no prejudice by reason of the instruction complained of. As proof of the age of the appellant at the time of the killing there was in evidence the statement of his age as eighteen made by the appellant to the officers soon after his arrest and in his signed statement to the same effect made before the trial. A person's age may be proved by his own testimony. (*People* v. *Ratz,* 115 Cal. 132 [46 Pac. 915] ; 10 Cal. Jur., p. 1054; 22 Cor. Jur. 171.) As further proof of the defendant's age there was in evidence a verified statement, signed on March 25, 1923, by the mother of the defendant before a school census trustee in the state of Texas, showing that the defendant was born on June 4, 1910. There was also received in evidence an enrollment card made by the superintendent of schools at Marshall, Texas, and constituting a part of the public records of his office, enrolling the defendant as a pupil and assigning him to a particular public school. This document shows that the defendant was born on June 4, 1910. The father and the mother of the defendant testified at the trial that their son Allen was seventeen years of age at the time of the commission of the crime. In rebuttal the prosecution introduced in evidence a document headed "Registration of Minors." This card was signed and sworn to by the defendant's mother at Sanger on October 4, 1927, before a registrar of minors, pursuant to section 1610 of the Political Code, and shows that Goldie Ellis, a daughter of these same parents, was born on February 2, 1911. With the defendant's written confession and the other documents in evidence, it is difficult to perceive how the jury could well entertain a reasonable doubt on the question of the defendant's age, notwithstanding the testimony of the parents given under these distressing circumstances.

The signed confession of the appellant was admitted in evidence over the objection of his counsel that the same was involuntary. In the early morning after the homicide the appellant was interviewed at Sanger by Constable Street and Officer Tullis before the appellant was taken to Fresno. On cross-examination Constable Street testified that he told

the appellant to tell the truth—that it was the best thing for him to do. Officer Tullis testified that he was present during the whole conversation and that no such statement was made to the appellant by Constable Street. At that conversation the appellant refused to admit that he was in the city of Fresno on the evening of the homicide and steadfastly maintained his position until he was questioned a second time some four hours later in the office of the chief of police at Fresno when he was confronted with the fact that Krieger had confessed. He was then questioned again and again asked if he was in Fresno the night before, to which he answered "No." He was then advised that Krieger had told all about the commission of the crime. The appellant then turned to Krieger and asked him, "Did you tell them?" to which Krieger replied: "Yes, go ahead, I have—I told them all about it already." The appellant then admitted that he participated in the commission of the crime. Neither Officers Street nor Tullis appear to have been present at the time of the confession and it was not shown that any inducements were held out to Krieger to obtain his confession. Even as to the conversation between the appellant and Officers Street and Tullis at Sanger the record discloses a conflict in the evidence as to which the decision of the trial court and jury will not be disturbed where, as here, there is substantial evidence to support it. (*People* v. *Fowler,* 178 Cal. 657 [174 Pac. 892].) We therefore find no error in the ruling of the trial court and the implied finding of the jury that the appellant's confession was voluntary.

Counsel for the appellant states that perhaps the most serious error complained of is that wherein the court admitted evidence of other crimes committed by the defendant Krieger. When Krieger was questioned in the office of the chief of police in Fresno on the morning after the homicide the history of his past life was quite thoroughly developed. He made full disclosure of his part in the crime under investigation and in the commission of other crimes, one of which was committed in conjunction with his father, who, after conviction, was sentenced to San Quentin. It also appeared that Krieger's mother was at the time confined in the hospital for the insane at Stockton. The statement was reduced to writing, was read over and signed by Krieger. It was admitted in evidence and read to the jury. This

evidence was offered by the prosecution only as against the defendant Krieger and he is not appealing. It is insisted, however, by the appellant that evidence of the other crimes committed by Krieger, three of which were robberies committed by Krieger within sixty days prior to June 13, 1928, had the effect of prejudicing the jury against the appellant. Evidence of other robberies committed by Krieger was offered by the prosecution against Krieger on the theory that it tended to establish the intent on his part to commit the crime of robbery on the evening in question, for, it is insisted, unless it was proved that Krieger had formed the intent to commit robbery on that night it might have been difficult to establish as against him the crime of murder in the first degree. There is authority for the respondent's position. (*Hillen* v. *People*, 59 Colo. 280 [149 Pac. 250, 251].) The appellant relies upon *People* v. *Arnold*, 199 Cal. 471 [250 Pac. 168], wherein it was held that where the crime of robbery was being committed by concert of action on the part of the defendants, the law does not require proof of intent to commit murder, and all that the law exacts is proof that a human being was killed by one of the participants in the robbery. But in that case the crime of robbery was brought home to the defendants. In this case Krieger was not present at the time and place of the homicide and his intention to commit robbery was proper to be shown in order to charge him with murder in the first degree. However, at all events, it is difficult to perceive how proof of other crimes by Krieger was prejudicial to the rights of the appellant, Ellis. Apparently such proof, together with the showing of his unfortunate home environment, had the opposite effect on the jury as against the defendant Krieger, for he was relieved of the extreme penalty.

█ When the defendant's father was called as a witness on behalf of his son, he testified that during the time he had lived in Marshall, Texas, he had never made any statement concerning the age of his children, and particularly that he did not make any statement to the school authorities in Texas as to the age of any of his children. He further testified that he did not write at all. In rebuttal the prosecution introduced in evidence the registration card made to the public school authorities at Marshall, Texas, showing the date of the birth of the appellant as June 4, 1910, and to

which the name of A. R. Ellis had been signed by the mother. After the close of the rebuttal by the prosecution the appellant's father was recalled and it was sought to be proved by him that the date of birth of the appellant on the school registration card was a misstatement, deliberately made so, in order that the age of appellant might appear as one year older than he really was, to the end that the appellant's sister might be allowed to enter school. Objection by the prosecution to this offered testimony was sustained on the ground that it appeared in evidence by the testimony of this same witness that he had nothing to do with reference to the school registration card and it otherwise appeared that he did not sign his name thereto. Under these circumstances we find no prejudicial error in refusing to permit this witness to so testify. Furthermore, it is not clear how this proffered "explanation" would in fact explain the misstatement on the card to the appellant's benefit. Sufficient foundation was laid for the introduction of the registration and school census cards and since they were verified by or were made out on information given by the mother at a time when, in the nature of things, the truth would be stated, they constituted evidence of the appellant's age beyond a reasonable doubt.

Other alleged errors were assigned by the appellant, but those discussed are most relied upon. The others, upon examination, are found to be without merit and require no further notice.

The judgment is affirmed.

Richards, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.

All the Justices concurred.