[Crim. No. 1857.  Second Appellate District, Division One.—January 2, 1930.]

THE PEOPLE, Respondent, v. HAROLD LAMEY, Appellant.

Frederick H. Vercoe, Public Defender, and Franklin Padan, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The judgments followed upon convictions of the several crimes charged in counts I, IV and

V of the information. Count II was dismissed and a new trial was granted of the charges contained in count III. On arraignment the defendant had pleaded, on each count, "not guilty" and "not guilty by reason of insanity." With respect to the pleas of "not guilty," the evidence is amply sufficient to sustain the verdicts.

Appellant contends that the court erred in compelling him to become a witness during his trial on the plea of not guilty by reason of insanity. Over objections duly made, he was required to give testimony relating to the issues presented by that plea. This trial was before the same jury which had rendered verdicts on the principal issues. Section 1026 of the Penal Code outlines the proceeding. "When a defendant pleads not guilty by reason of insanity, and also joins with it another plea or pleas, he shall first be tried as if he had entered such other plea or pleas only, and in such trial he shall be conclusively presumed to have been sane at the time the offense is alleged to have been committed. If the jury shall find the defendant guilty . . . then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury, in the discretion of the court. In such trial the jury shall return a verdict either that the defendant was sane at the time the offense was committed or that he was insane at the time the offense was committed. If the verdict or finding be that the defendant was sane at the time the offense was committed, the court shall sentence the defendant as provided by law. . . . "

It is declared in the Constitution of California, article I, section 13, that no person shall be compelled, in any criminal case, to be a witness against himself. In this case, under the plea of not guilty, the effect of the verdict in each instance was that the defendant had committed the acts which, if committed by a sane person, would make him guilty of the alleged crimes. For the purposes of that verdict he was presumed to be sane, but under his plea of not guilty by reason of insanity, the question of his status and responsibility as a criminal remained open and undetermined. That he was a criminal, and subject to punishment, was not yet established. Under the second plea, that issue was to be tried separately, but it was all

in the same case. The second verdict, equally with the first, was necessary before a judgment of conviction could be rendered. Under the former practice, when the defendant relied upon his right to introduce evidence of insanity as part of his defense, it was well understood that the state had no right to compel the defendant to give testimony as a witness, even upon that issue. We do not perceive that his rights in this respect are in any way different under the new practice. The change is only a change of procedure; it does not affect a substantial right, and it does not take away any constitutional right or immunity. In *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767, 772], the defendant was tried on his plea of not guilty, and then under his plea of not guilty by reason of insanity, as provided by the present law. (Pen. Code, secs. 1016, 1020, 1026.) The jury found against him on both pleas. On appeal from the judgment, defendant contended that the provisions of the state Constitution guaranteeing a public and speedy trial to one accused of a crime "means *one* speedy and public trial and no more." To this the Supreme Court responded: "The trial had by the defendant, under the present law, amounted to one trial, and no more." The very reasoning which sustains the present procedure, at the same time preserves to the defendant all of his rights of defense. Among these rights, saved to the defendant under the Constitution, is the right of immunity from being compelled, in any criminal case, to be a witness against himself.

"According to one of the oldest maxims of the common law, *nemo tenetur seipsum accusare,* any person, whether a party or stranger to the litigation, either in a civil or a criminal prosecution, may, if he sees fit, refuse to answer any question the answer to which, if true, will render him punishable for crime, or which, in any degree, may tend to establish a public offense with which he might be charged. (Rapalje on Witnesses, sec. 261.) This principle of the common law doubtless had its birth in the abhorrence with which confessions coerced by inquisitorial torture were regarded alike in England and America. (8 R. C. L., p. 78.) Its soundness has seldom been questioned. And today it stands among the guaranties of personal liberty and security in all the constitutions, both of England and America.

"The words 'criminal case,' as used in section 13 of article I of the Constitution, are broader than 'criminal prosecution.' To bring a person within the immunity of this provision, it is not necessary that the examination of the witness should be had in the course of a criminal prosecution against him, or that a criminal proceeding should have been commenced and be actually pending. It is sufficient if there is a law creating the offense under which the witness may be prosecuted. If there is such a law, and if the witness may be indicted or otherwise prosecuted for a public offense arising out of the acts to which the examination relates, he cannot be compelled to answer *in any collateral proceeding, civil or criminal,* unless the law has absolutely secured him against any use in a criminal prosecution of the evidence he may give; and this can only be done by a statutory provision that, if he submits to the examination and answers the questions, he shall be exempt from criminal prosecution for any offense that may be disclosed as a consequence of his examination." (*In re Tahbel,* 46 Cal. App. 755, 758 [189 Pac. 804, 806].)

It is further contended by appellant that the court erred in refusing to give the following instruction relating to the charge of burglary:

"Before you can find the defendant guilty of burglary it will be necessary for you to find beyond a reasonable doubt that in entering the room and apartment of E. M. Dailey, he did so with the intent permanently to deprive the owner of his personal property. If you believe the intent was merely for a temporary use of the personal property, the defendant cannot be convicted of burglary."

We think that the instruction states the law correctly and should have been given. (*People* v. *Brown,* 105 Cal. 66 [38 Pac. 518, 519].) The phase of the case covered by this instruction was not, in our opinion, sufficiently contained in the other instructions given. The evidence showed that the defendant unlawfully entered the apartment of Dailey and carried away to a near-by apartment certain personal property of the said Dailey without Dailey's knowledge or consent. But the circumstances connected with this act were such that the jury might have found that the defendant did not intend to permanently deprive the owner of his property. If this be so, then, as stated in *People*

v. *Brown, supra:* ''If he did not intend so to do, there is no felonious intent and his acts constitute but a trespass.''

The judgment of conviction of the crime of burglary as charged in count I of the information is reversed and the cause is remanded for a new trial of all issues raised by both pleas to that count of the information. The judgments of conviction on counts IV and V are reversed solely on the ground of error as herein declared, relating to the trial on the pleas of ''not guilty by reason of insanity.'' It is directed that the verdicts of guilty, as found on trial on the several pleas of ''not guilty'' of the charges contained in said counts IV and V, stand and remain in force without further trial thereof. It is further directed that the verdict on the pleas of ''not guilty by reason of insanity'' in relation to said counts IV and V be set aside and that there be a new trial of the issues presented by said pleas of ''not guilty by reason of insanity'' as to said counts IV and V, before another jury. After verdict shall have been duly returned upon trial of the issues now reopened, as hereinabove provided, the trial court will make such further orders or render such judgments as are in such cases provided by law.

Houser, J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 30, 1930.

All the Justices present concurred.