[Crim. No 1831. First Appellate District, Division One.—March 27, 1935.]

THE PEOPLE, Respondent, v. ELION BRADSHAW, Appellant.

Cyrus B. King and Joseph J. Yovino-Young for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged by information with the commission of a felony, to wit, that, being a prisoner lawfully committed to the state prison at San Quentin for a term less than life, he escaped therefrom. Upon arraignment he entered a plea of not guilty, and also a plea of ''not guilty by reason of insanity''. He subsequently withdrew the first of these pleas and was tried upon the latter before a jury, which returned a verdict that he was sane on the date of the commission of the offense with which he was charged. He was thereupon sentenced to imprisonment in the state prison, and has appealed from the judgment.

As grounds for his appeal he complains of two instructions. The first reads as follows: ·

''Although it is true that generally the burden of proof is on the prosecution, yet to this rule there is this exception: where insanity is relied upon as a defense the burden of proving the existence of such insanity is on the defendant. It is not incumbent upon the defendant to prove his insanity to a moral certainty and beyond all reasonable doubt, but it is incumbent upon him to establish by a preponderance of evidence that he was insane at the time of committing the act charged, and the evidence of mental derangement must be such in amount that if the single issue of sanity or insanity of the defendant should be submitted to the jury in a civil case, they must find that he is insane. In short, insanity must be established by the defendant by a preponderance of the evidence.''

It is claimed that the instruction erroneously states the rule with respect to the burden of proof upon the defense on a plea of insanity.

It has been declared in numerous cases that the burden rests upon the defendant to establish his insanity by a preponderance of the evidence, and that it is not sufficient for him to merely raise a reasonable doubt as to his sanity. (*People* v. *Loomis,* 170 Cal. 347 [149 Pac. 581]; *People* v. *Miller,* 171 Cal. 649 [154 Pac. 468]; *People* v. *Reid,* 193 Cal. 491 [225 Pac. 859]; *People* v. *Gilberg,* 197 Cal. 306 [240 Pac. 1000]; *People* v. *Ellis,* 206 Cal. 353, 357 [274

Pac. 353].) Defendant claims that notwithstanding the above decisions the burden of proving his sanity rested upon the prosecution, and that the trial court erred in not so stating. In *People* v. *Hickman,* 204 Cal. 470 [268 Pac. 909, 270 Pac. 1117], the court, in passing upon the constitutionality of sections 1016 et seq. of the Penal Code as amended in 1927, said: ''The rule requiring the defendant, where insanity is interposed as a defense, to prove it by a preponderance of the evidence does not affect the other rule that the burden of proving sanity is on the prosecution. That burden has always been on it, and is met in the first instance by the presumption of sanity which the law raises, and which must prevail until it is overcome. The rule relating to the defense of insanity does not shift the burden of proof from the People to the defendant, but only shifts the burden of introducing evidence, and declares the amount and *quantum* of evidence which he must produce to overcome the presumption and show his insanity.'' (See *People* v. *Harris,* 169 Cal. 53, 55 [145 Pac. 520].) Whether in cases of this character the People have the burden of ultimately establishing the sanity of the defendant, or the burden of this sense rests upon the latter, as the party having the affirmative of the issue, to prove insanity at the time of the commission of the offense charged, is not clear from the decisions; but the question is of little practical importance so long as the defendant's plea must be established by a preponderance of all the evidence. On this question see *State* v. *Quigley,* 26 R. I. 263 [58 Atl. 905, 908, 3 Ann. Cas. 920, 67 L. R. A. 322]; *State* v. *Lawrence,* 57 Me. 574, 581.

In the present case the instruction was correct as far as it went, and defendant requested no instruction with respect to the burden of proof on the whole case. Under such circumstances he cannot complain (24 Cal. Jur., sec. 74, p. 796).

The second instruction of which he complains reads as follows:

''When you retire to the juryroom you will elect one of your members foreman. After you have concluded your deliberations—and if nine of your members agree upon a verdict, that will be the verdict of the jury—it will then be the

duty of the foreman to sign the verdict and return it into court.''

It appears that the jury was polled and that but ten of their number voted for the verdict, two being against it. The People admit that the last instruction was erroneous, and that, as declared in *People* v. *Troche*, 206 Cal. 35 [273 Pac. 767], and *People* v. *Lamey*, 103 Cal. App. 66 [283 Pac. 848], the verdict of the jury must be unanimous in cases of this character. This necessitates a reversal of the judgment.

The judgment is accordingly reversed and the cause remanded for a new trial on the issue presented by defendant's plea of ''not guilty by reason of insanity''.