[Crim. No. 3093. Second Appellate District, Division One.—May 23, 1938.]

THE PEOPLE, Respondent, v. GEORGE MANUEL GOURDIN, Appellant.

Selma K. Ellner for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

YORK, P. J.—In the notice of appeal filed herein on March 7, 1938, appellant, in addition to the appeal from the order denying the petition for writ of error *coram nobis,* also

appeals "from the judgment rendered in this cause on or about the 10th day of Feb., 1938". However, the appeal from such judgment is not urged in the briefs now before us, and it has apparently been abandoned by appellant. No oral notice of appeal was given and the written notice of appeal from the judgment was not filed within the time required by section 1239 of the Penal Code. Furthermore, the order for reporter's transcript is for the preparation of a report of the proceedings had on March 4, 1938, therefore the record before us contains a recital only of the proceedings had in connection with the petition for the writ of error *coram nobis*.

Appellant was charged in an information containing two counts with the crime of statutory rape and forcible rape, and also two prior convictions.

Upon the day set for trial, appellant withdrew his plea of "not guilty" and entered a plea of "guilty" to the charge of statutory rape and admitted the two prior convictions. On February 8, 1938, sentence was imposed upon appellant for the crime of statutory rape, as charged in count I of the information, and at the same time count II (forcible rape) was dismissed. Thereafter, on February 28, 1938, appellant filed his petition for writ of error *coram nobis*, supported only by the affidavit of his attorney of record, who had been substituted as such attorney of record after the pronouncement of sentence. Said affidavit recited that said attorney had discovered new evidence. Upon hearing, the petition for the writ was denied.

Appellant here contends that his plea of "guilty" to the charge of statutory rape was obtained from him under a misapprehension of the facts; that the complainant testified at the preliminary hearing that her mother's name was "Mrs. Groh", and that therefore the witness, who testified she was the mother of the complainant, was not qualified to testify as to the age of said complainant, because no showing was made that said witness and Mrs. Groh were one and the same person. However, the record shows that said complainant testified at the preliminary hearing that she was under the age of eighteen years, and she also testified that her mother's maiden name was Groh. The prosecuting witness was competent to testify as to her own age. (*People* v. *Ellis*, 206 Cal. 353, 359 [274 Pac. 353]; *People* v. *Ratz*, 115 Cal. 132, 133 [46 Pac. 915].)

In order to justify the issuance of the writ of error *coram nobis* and permit a withdrawal of the plea of "guilty", it would require strong and convincing proof on the part of appellant that the complaining witness was over the age of eighteen years at the time of the commission of the crime. (*People* v. *Schwarz*, 201 Cal. 309, 314 [257 Pac. 71].) This requirement has not been met by appellant; he has given voice to his mere suspicion only, and has not stated any matter of fact to sustain his petition.

The order appealed from is, therefore, affirmed.

Doran, J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1938.