[Crim. No. 2110.   Third Dist.   Apr. 14, 1949.]

THE PEOPLE, Respondent, v. WILLIAM S. MURRAY, Appellant.

William S. Murray, in pro. per., for Appellant.

Fred N. Howser, Attorney General, Doris H. Maier and G. A. Strader, Deputy Attorneys General, for Respondent.

ADAMS, P. J.—Defendant was charged with statutory rape of his stepdaughter in violation of section 261 of the Penal Code. The information contained six counts. Defendant was acquitted on four and convicted on two, to wit, counts one and six. Count one charged a commission of the offense

"on or about" the 10th day of February, 1947, when the stepdaughter was 16 years old; and count six a commission of same "on or about" the 14th day of April, 1948, when the girl was 17 years of age. Sentences were ordered to run concurrently.

On this appeal defendant, appearing as his own counsel, states in his opening brief:

"I was convicted on perjured testimony, uncorroborated testimony, and without one point or piece of visible evidence; further, the district attorney in this case violated all existing laws, rules and regulations governing the conduct, behavior and procedure of any attorney in any court in the State of California, to wit: intimidating the witnesses, by coaching and leading same into testimony that was untrue to his own personal knowledge; further, by conduct unbecoming a district attorney by questioning defendant's wife, Mrs. Patricia Murray, in regards to immaterial, irrelevant, unnecessary and personal marital affairs above and beyond any scope or bearing whatsoever upon the alleged charges with the sole intent of prejudicing the jury."

Without enlarging upon these generalities appellant attacks the testimony of the prosecutrix that as a result of intercourse on February 10, 1947, she became pregnant, as being inconsistent with her admission that she gave birth to a full-time baby on October 11, 1947. We do not attach particular significance to this asserted inconsistency, since the girl testified that she had sex relations with defendant before February 10, 1947, and she could have been mistaken as to when conception occurred. Whether it was or was not the result of intercourse on February 10th or thereabouts was for the jury to determine; and earlier conception would not prove that defendant did not commit the offense charged to have been committed on or about February 10, 1947.

Appellant also relies upon testimony given on his behalf, that the girl's testimony regarding intercourse on February 10th was false because defendant showed that he was working all day February 10th at a place 33 miles distant from the girl's home, the asserted place where the offense was committed. Also, regarding the alleged offense on April 14, 1948, he asserts that he was away from the place where the intercourse is claimed to have taken place at 9 o'clock in the morning, as he had left that morning for Eureka on a fishing trip. He asserts, therefore, that the girl's testimony was impeached, and that she "is a liar."

■ There is ample evidence to support the verdicts of the jury. It shows that the complaining witness lived with her mother and stepfather for about eight years, their place of residence at the times of the offenses charged being Bell Glen in Mendocino County. She worked as a waitress in the Bell Glen Café, operated by her mother, and defendant took her back and forth between their home and the café. The girl testified that she had sexual intercourse with defendant prior to and on February 10, 1947, and thereafter during 1948, including the morning of April 14th of that year; that on the latter date defendant, during intercourse, used a "rubber" which he then placed in a match box which, on their way to Bell Glen, he gave to her telling her to throw it into the woods. This she did, and a few days later she took a deputy sheriff to the spot where the box and its contents were recovered. She further testified that on numerous occasions defendant had hugged and kissed her in public, and this testimony was corroborated.

Regarding the act of intercourse on or about April 14, 1948, she said that it occurred in her bedroom about 9 o'clock in the morning, after which defendant took her to the Bell Glen Café. Defendant endeavored to prove that this testimony was untrue by testifying that he left for Eureka about 8 o'clock that morning; but there was testimony by two men who accompanied him to Eureka, and by others, that defendant did not leave until later than he claims, and that he was in the Bell Glen Café with the girl about noon that day.

■ As for appellant's assertion that he was convicted on perjured and uncorroborated testimony, it is elementary that the credibility of witnesses and the weight to be accorded their testimony, are matters solely for the determination of a jury. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Von Perhacs*, 20 Cal.App. 48, 51 [127 P. 1048]; *People v. Jackson*, 63 Cal.App.2d 586 [147 P.2d 94], and cases there cited; *People* v. *Barnett*, 77 Cal.App.2d 299, 302 [175 P. 2d 237].) ■ Also, that the testimony of the complaining witness, who was under the age of consent, did not require corroboration is well established. (*People* v. *Lachuk*, 5 Cal.App.2d 729, 730 [43 P.2d 579]; *People* v. *Meraviglia*, 73 Cal.App. 402, 411 [238 P. 794]; *People* v. *Scott*, 24 Cal.App. 440, 443 [141 P. 945]; *People* v. *Crawford*, 24 Cal.App. 396, 403 [141 P. 824]; *People* v. *Britt*, 62 Cal.App. 674 [217 P. 767].)

■ As for the claimed misbehavior of the prosecuting attorney there is no evidence that he intimidated or coached

any witness, or led any witness to testify to anything known by him to be untrue; and regarding the assertion that he questioned defendant's wife regarding immaterial matters with the intent to prejudice the jury, the particular questioning objected to was whether or not this witness was married to defendant and whether or not she had a marriage license or certificate. In view of the testimony of this witness who was called for defendant, we cannot say that her cross-examination on the foregoing matters was improper, as it tended to show interest. Furthermore, it was given without objection. (Compare *People* v. *Showers,* 90 Cal.App.2d 248, 253-254 [202 P.2d 814].)

█ As for defendant's alibis, the fact that defendant worked all day on February 10, 1947, did not necessarily render unbelievable the girl's testimony as to the offense committed "on or about" that date. She stated that it might have been on the 11th or the 12th, and the evidence shows that defendant worked but four and one-half hours on the 11th and not at all on the 12th. █ Variation from the allegations of an information within the period of limitations is not fatal except where it appears that commission of the act charged does not constitute a crime unless committed on a specific date. (*People* v. *Hoosier,* 24 Cal.App. 746, 756 [142 P. 514]; *People* v. *Stangler,* 18 Cal.2d 688, 692 [117 P.2d 321]; *People* v. *Britt, supra,* at p. 678.)

█ In his closing brief appellant complains that the age of the complaining witness was not shown by anything but her own testimony, and he asserts that on July 25, 1948, when she applied for a marriage license she stated that she was then 18 years old, though her testimony was that she was born on November 9, 1930. Evidence regarding the statement made by the girl on July 25th is not in the record; and her own testimony given in court was sufficient to show that she was under the age of consent when the alleged offenses were committed. She was competent to testify as to her age. (*People* v. *Gourdin,* 26 Cal.App.2d 494, 495 [79 P.2d 782], and cases there cited.)

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.