[Crim. No. 11927. First Dist., Div. One. Apr. 3, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL EARL BALES, JR., Defendant and Appellant.

**COUNSEL**

John F. Ruzzo, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Jack R. Winkler, Chief Assistant Attorneys General, William E. James and S. Clark Moore, Assistant Attorneys General, Frederick R. Millar, Jr., and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

ELKINGTON, J.—Defendant Daniel Earl Bales, Jr., admitted by his "guilty" plea the commission of an armed robbery, and then entered an additional plea of "not guilty by reason of insanity." (See Pen. Code, §§ 1016, 1026.) A jury, by a division of 10 to 2, found him to have been sane at the time of the commission of the offense. Judgment of conviction was thereupon entered, from which judgment Bales appeals.

His first contention is that the "jury's verdict was invalid, since it was not unanimous."

The People respond in this manner: "Since the issue of insanity is a totally different one from the issue of guilt, needing a separate burden of proof, it is urged that the three-fourths jury verdict in civil cases is appropriate. The purpose of the unanimous verdict rule on the issue of guilt or innocence is to insure that no innocent man is convicted of a crime. But resolution of the issue of insanity amounts to merely determining whether a defendant is more properly incarcerated in the state prison or in a state mental institution for the criminally insane. Resolution of such a matter should not require a unanimous jury verdict."

The only relevant California authority is found in *People* v. *Troche* (1928) 206 Cal. 35, 44 [273 P. 767] [cert. den., 280 U.S. 524 (74 L.Ed.

592, 50 S.Ct. 87)], which was followed in *People* v. *Bradshaw* (1935) 5 Cal.App.2d 528, 531 [43 P.2d 317]. Speaking of the then novel statutory bifurcation of the trial of "not guilty" and "not guilty by reason of insanity" issues (Pen. Code, § 1026) the *Troche* court, by way of dictum and without further discussion or citation of authority, stated (p. 44): "Each issue must still be tried by a jury of twelve impartial persons, and *the verdict must be unanimous. . . .*" (Italics added.) *Bradshaw* thereafter, on the authority of *Troche,* reversed a conviction based on a 10 to 2 divided verdict on a "not guilty by reason of insanity" issue.

Logically the problem posed is a perplexing one. Differing views may reasonably be taken whether the Penal Code section 1026 inquiry into an insanity plea relates to the *guilt* of the accused, or simply to the question of *punishment* for guilt which has already been admitted, or found.

Certainly, if it be postulated that an accused, insane at the time of the act in question and therefore without *mens rea,* is *not guilty* of crime, it would reasonably follow that one's sanity, and therefore *guilt,* should be determined by a unanimous verdict.

But if a finding at a Penal Code section 1026 hearing that an accused is sane, amounts to a final determination of his *guilt,* very curious results follow. For there the accused's sanity, and hence his *guilt,* is presumed (*In re Dennis* (1959) 51 Cal.2d 666, 673 [335 P.2d 657]), and the burden rests upon him to prove otherwise (Evid. Code, § 522; *In re Franklin* (1972) 7 Cal.3d 126, 141 [101 Cal.Rptr. 553, 496 P.2d 465]). On such an inquiry into his *guilt* the presumption of innocence is not available to him (*People* v. *Harmon* (1952) 110 Cal.App.2d 545, 554 [243 P.2d 15]), and he may be found *guilty* by a bare preponderance of the evidence. (*People* v. *Monk* (1961) 56 Cal.2d 288, 297 [14 Cal.Rptr. 633, 363 P.2d 865].)

A contrary rationale considers that the so-called "insanity defense" is not truly a defense at all. Instead its purpose is to determine whether the accused shall be *punished* for the *guilt* which has already been established. This rationale was followed in *People* v. *Ellis* (1929) 206 Cal. 353, 357-358 [274 P. 353], where the court stated: "To denominate the plea of insanity a 'defense' to crime is not strictly accurate. More correctly it is a special plea to the effect that, assuming the homicide to have resulted from the act of the defendant, he is not amenable to punishment under the law. . . ." (See also *Baer* v. *Smith* (1945) 68 Cal.App.2d 716, 723 [157 P.2d 646].) In *People* v. *Hickman* (1928) 204 Cal. 470, 476 [268 P. 909], the court had previously found that Penal Code section 1026 preserved to an accused "the right to submit to a jury the issue that he should not

be punished because he was insane at the time he committed the act, . . ." (See also *People* v. *Pincus* (1933) 131 Cal.App. 607, 609-610 [21 P.2d 964].)

Considered in the latter light, the Penal Code section 1026 "not guilty by reason of insanity" hearing, is closely akin to the "doubt of present sanity" proceedings under Penal Code section 1368. There also a hearing is held, often to determine whether the accused shall be *punished* for a crime of which he had previously been found guilty. The hearing, since it is a "special proceeding rather than a criminal action" (*People* v. *Fields* (1965) 62 Cal.2d 538, 540 [42 Cal.Rptr. 833, 399 P.2d 369, 16 A.L.R.3d 708] [cert. den., 382 U.S. 858 (15 L.Ed.2d 95, 86. S.Ct. 113)]), is customarily considered to require but a nine-to-three verdict. (See CALJIC (3d rev. ed.) No. 4.10.)

We note that there is no federal constitutional requirement of a unanimous verdict in a criminal trial, even on the issue of guilt. (See *Apodaca* v. *Oregon,* 406 U.S. 404, 410-411 [32 L.Ed.2d 184, 191-192, 92 S.Ct. 1628]; *Johnson* v. *Louisiana,* 406 U.S. 356, 364 [32 L.Ed.2d 152, 160, 92 S.Ct. 1620].) But California's Constitution, article I, section 7, providing that "in civil actions three-fourths of the jury may render a verdict" has been held to require a unanimous verdict in criminal cases. (*People* v. *Superior Court* (*Thomas*) 67 Cal.2d 929, 932 [64 Cal.Rptr. 327, 434 P.2d 623, 25 A.L.R.3d 1143]; *People* v. *Maes,* 236 Cal.App.2d 147, 149 [45 Cal.Rptr. 903].)

Weighing these considerations with the suggestion that the pertinent language of *People* v. *Troche, supra,* 206 Cal. 35, 45, is dictum, we nevertheless conclude that we as an intermediate appellate court should follow that decision. (See 6 Witkin, Cal. Procedure, Appeal, § 678; and see *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) The Supreme Court's rule announced in *Troche* has generally been followed for 45 years. Any change should be made by that court or by the Legislature.

The judgment must accordingly be reversed.

Bale's contention that the *M'Naughton* rule's standard of mental responsibility for crime should not have been applied is without merit. The state's Supreme Court has often declined to reject that rule. (See *People* v. *Quicke,* 61 Cal.2d 155, 159 [37 Cal.Rptr. 617, 390 P.2d 393]; *People* v. *Rittger,* 54 Cal.2d 720, 732 [7 Cal.Rptr. 901, 355 P.2d 645]; *People* v. *Nash,* 52 Cal.2d 36, 49-50 [338 P.2d 416]; *People* v. *Coffman,* 24 Cal. 230, 235.)

Since the circumstances upon which other contentions of error are based will probably not recur on the retrial, we do not consider them.

The judgment is reversed.

Molinari, P. J., and Sims, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 29, 1974.