[Crim. No. 26900. Second Dist., Div. Two. Feb. 9, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
FLOYD EDWARD FLORES, Defendant and Appellant.

**COUNSEL**

Michael F. Shapiro, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—Appellant pleaded not guilty and not guilty by reason of insanity to assault with a deadly weapon (Pen. Code, § 245, subd. (a)). In the first phase of a bifurcated trial (Pen. Code, § 1026) he was convicted by a jury on his plea of not guilty. Thereafter in the second phase he was found by a jury to be sane at the time he committed the offense. His appeal is from the judgment and is predicated upon the fact that in spite of timely objection the prosecutor committed prejudicial error in arguing to the jury in the second phase of the trial that the "fatal flaw" in appellant's defense of insanity was appellant's failure to take the witness stand.

The prosecutor argued, "Look at your defendant's case. One witness testified, the doctor, Did anybody prove that the defendant heard voices?

No one. That is a fatal flaw in their case. Defendant never told you. He was not cross-examined.

"Now ladies and gentlemen, obviously there is only one person that would have given you that kind of evidence. The defendant himself."

Objection was made and a motion for mistrial was denied. The prosecutor was then allowed to continue:

"MR. CAVANAGH: As I was saying before, there is no evidence before you that defendant heard those voices. Obviously, there is only one witness who could have given that evidence. That witness has been in court all during this proceeding. The witness I am referring to is the defendant, who has previously been found guilty. He is not incriminating himself. He has already been found guilty, a witness who had to walk a mere 20 steps from where he now sits to the stand to get the evidence that he heard voices. And of course, to be cross-examined. He would have to answer non-friendly questions by myself. That would have shed light on these events. That would have helped him prove what he has to prove, that he was insane at the time. That did not occur. I believe that, in itself, is fatal to the moving party's case."

Both sides agree that had this comment been made at the guilt phase of the trial reversible error would have occurred. (*Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]; *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]; *People* v. *Bostick* (1965) 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529].) People assert, however, that since guilt had already been decided different policy reasons apply and the argument set out above is permissible, but cite no cases for the assertion.

Our study of the pertinent code section[1] and the one case we have been able to find directly pertinent impels the conclusion that although a

[1] In pertinent part Penal Code section 1026 provides: "When a defendant pleads not guilty by reason of insanity, and also joins with it another plea or pleas, he shall first be tried as if he had entered such other plea or pleas only, and in such trial he shall be conclusively presumed to have been sane at the time the offense is alleged to have been committed. If the jury shall find the defendant guilty, or if the defendant pleads only not guilty by reason of insanity, then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury in the discretion of the court. In such trial the jury shall return a verdict either that the defendant was sane at the time the offense was committed or that he was insane at the time the offense was committed. If the verdict or finding be that the

multiple plea is permitted and a bifurcated trial is mandated, that in a case such as the one at bench pragmatically there is only one trial. Thus, it will be noted that section 1026 anticipates that a defendant may plead only "not guilty by reason of insanity." In pertinent part the section reads: ". . . or if the defendant pleads *only* not guilty by reason of insanity, then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, . . . ." [Italics added.]

Section 1016 of the Penal Code provides for six kinds of pleas and says in pertinent part: "A defendant who does *not* plead guilty *may enter* one or more of the other pleas. . . . A defendant who *pleads not guilty by reason of insanity,* without also pleading not guilty, thereby admits the commission of the offense charged." [Italics added.]

There is no constitutional requirement that a state give a criminal defendant a separate trial on the issue of sanity. (*Murphy* v. *State of Florida* (5th Cir. 1974) 495 F.2d 553.) California as a matter of procedure has provided that the issue of guilt and sanity shall be tried separately. (Pen. Code, § 1026.) The second trial or the second facet of defendant's only trial differs from the first procedurally in that the issue is confined to sanity and the burden is upon the defendant to prove by a preponderance of the evidence that he was insane at the time of the offense. (*In re Franklin* (1972) 7 Cal.3d 126 [101 Cal.Rptr. 553, 496 P.2d 465]; *In re Dennis* (1959) 51 Cal.2d 666 [335 P.2d 657].) Since the issue at the insanity trial is not whether in fact the defendant has committed the act but whether or not he should be punished, some courts have referred to the issue at the sanity trial as one of "confession and avoidance." (See *People* v. *Wells* (1949) 33 Cal.2d 330, 349 [202 P.2d 53].) Even though the burden is preponderance of the evidence, nonetheless the verdict of the jury must be unanimous. (*People* v. *Bradshaw* (1935) 5 Cal.App.2d 528, 531 [43 P.2d 317].) Because of this unusual procedure which is neither "civil" nor "criminal" but carries vestiges of both, courts are troubled because although "guilt" has been established in the first facet of the trial, if the defendant was insane at the time of the act he could not have had the necessary mens rea to establish guilt. (See *People* v. *Bales* (1974) 38 Cal.App.3d 354, 356 [113 Cal.Rptr. 141].)

Article I section 15 of the California Constitution provides that a defendant is not required to be a witness against himself. (*People* v.

defendant was sane at the time the offense was committed, the court shall sentence the defendant as provided by law."

*Lamey* (1930) 103 Cal.App. 66 [283 P. 848].) In *Lamey* the court, relying on *People* v. *Troche* (1928) 206 Cal. 35 [273 P. 767], and article I, section 13,[2] held that since the sanity trial was but a continuation of the same criminal proceeding the defendant could not be compelled to testify.

The Legislature by its enactment of Penal Code section 1026 cannot change the provisions of the Constitution of this state and there is no reason to assume that it ever intended to do so.

Since the sanity trial is but a part of the same criminal proceeding as the guilt phase *(People* v. *Lamey, supra)* it would appear that a defendant who has also pleaded not guilty by reason of insanity would be protected by the self-incrimination clause of the Fifth Amendment to the United States Constitution.

In *People* v. *Cotter* (1965) 63 Cal.2d 386, 398-399 [46 Cal.Rptr. 622, 405 P.2d 862], the court held that it was error to allow adverse comment on the defendant's failure to take the stand during the sanity phase, but because of other factors, including a failure to object, the error was nonprejudicial.[3]

In similar situations involving constitutional rights, the high court of this nation and our Supreme Court have been quick to restrict statutes or practices which either place a penalty on the assertion of a constitutional right (see *Griffin* v. *California* (1965) 380 U.S. 609, 614 [14 L.Ed.2d 106, 110, 85 S.Ct. 1229]) or have a chilling effect on the exercise of a constitutional right. (See *United States* v. *Jackson* (1968) 390 U.S. 570, 582 [20 L.Ed.2d 138, 147, 88 S.Ct. 1209].)

---

[2] Now article I, section 15.

[3] In *People* v. *Cotter, supra,* at pages 398-399, the court said: "Defendant also asserts that the court erred in (1) allowing the prosecutor to comment in argument upon his failure to testify during the guilt and sanity phases of the trial, and (2) giving an instruction on this subject on the guilt trial substantially of the type held to constitute error in *Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]. It is to be noted, however, that, here, the erroneous instruction was requested by both the defense and the prosecution. No objection was made to the challenged comments. The comments were temperate and, although both the instruction and comment were error, under the circumstances they furnish no ground for disturbing the judgment when the *People* v. *Watson* test previously alluded to is applied. *(People* v. *Bostick,* 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529].)"

It should be noted that *Cotter,* and *Bostick,* the case that *Cotter* relied on for holding the error nonprejudicial, were both decided prior to *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]. *Chapman* mandates a more stringent test before any error of constitutional magnitude can be found to be nonprejudicial.

That portion of the judgment finding appellant sane at the time of the offense is reversed and a new trial is ordered on the issue of sanity.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied March 9, 1976, and respondent's petition for a hearing by the Supreme Court was denied April 8, 1976.