*528 BROWN, J., Concurring.
I agree with the disposition, but reach this conclusion through a somewhat different analysis. Rather than rely on hypertechnical distinctions that exalt form over substance, I would find that courts have the power to direct a verdict of sanity.
Although we have never held that section 1385 of the Penal Code[1] “authorizes the dismissal of a plea against a criminal charge or allegation” (maj. opn., ante, at p. 523, italics omitted), we have long held that special pleas or defenses raising issues collateral to the issue of guilt or innocence do not require a jury finding. (See People v. Newell (1923) 192 Cal. 659, 668 [221 P. 622] (Newell).) Unlike the elements of a criminal offense, a defendant may waive these pleas and has the burden of proof. Therefore, “[i]t is just as necessary to support special pleas by proof [citation] as it is to interpose the pleas, and the failure to do either is to be deemed a waiver of the defense.” {Id. at p. 667.)
For over 75 years, we have applied these principles to the special pleas of once in jeopardy and former judgment of conviction or acquittal. (See People v. Greer (1947) 30 Cal.2d 589, 595-596 [184 P.2d 512] (Greer) [citing Newell for the rule that “the plea of double jeopardy does not necessarily require a finding by the jury”], overruled on other grounds by People v. Fields (1996) 13 Cal.4th 289, 308, fn. 6 [52 Cal.Rptr.2d 282, 914 P.2d 832].) Where “the evidence is uncontradicted or leads to a single conclusion a question of law is presented” (People v. Bechtel (1953) 41 Cal.2d 441, 445 [260 P.2d 31] (Bechtel)), and “the trial court is not required to submit the question to the jury for a finding upon that plea” (Greer, supra, 30 Cal.2d at p. 596; see also People v. Yopp (1961) 195 Cal.App.2d 726, 729 [16 Cal.Rptr. 115]). Instead, the court may strike the plea (see People v. Mason (1962) 200 Cal.App.2d 282, 285 [19 Cal.Rptr. 240]), or direct a verdict in favor of the prosecution or the defendant (see Bechtel, supra, 41 Cal.2d at pp. 445-446 [defendant]; People v. Wilson (1924) 193 Cal. 512, 515 [226 P. 5] [prosecution]).
Like the pleas of once in jeopardy and former conviction or acquittal, the plea of not guilty by reason of insanity is a statutory defense that does not implicate guilt or innocence but, instead, determines “whether the accused shall be punished for the guilt which has already been established.” (People v. Bales (1974) 38 Cal.App.3d 354, 356 [113 Cal.Rptr. 141] (Bales).) The rules governing the insanity and double jeopardy pleas are virtually identical. The failure by a defendant to raise these defenses results in a waiver, and the defendant has the burden of proof when asserting them. (See Newell, supra, 192 Cal. at p. 667 [double jeopardy pleas]; Bales, supra, 38 *529 Cal.App.3d at p. 356 [insanity plea].) Indeed, we recognized the similarity of these pleas over 70 years ago: “The plea of insanity as well as the proofs which support it more nearly resembles the plea and proofs of ‘once in jeopardy,’ or of ‘prior conviction or acquittal,’ than they do, for instance, the plea and proofs of self-defense, in the twofold aspect that, first, the former pleas and the proof thereof do not tend in any degree to diminish the unlawfulness of the homicide, nor, second, do they relate to the facts and circumstances ... of the homicide, and, if sufficiently established, destroy utterly its unlawful attribute.” (People v. Leong Fook (1928) 206 Cal. 64, 72 [273 P. 779].)
Because there is no logical basis for distinguishing between the pleas of insanity and double jeopardy, I would conclude that trial courts—which undoubtedly have the power to direct a verdict in the double jeopardy context—have the same power in an insanity proceeding under section 1026. If the court, upon viewing the evidence in the light most favorable to the defendant, determines there is insufficient evidence to support a finding of insanity as a matter of law, then it may remove the issue from the jury and direct a verdict of sanity. This approach is not only consistent with the case law, but also comports with logic. Given that the defendant—and not the prosecution—injects the issue of insanity into the proceeding and has the burden of proof, we may reasonably require him to introduce sufficient proof before submitting the issue to the jury.
In doing so, we do not infringe on the defendant’s constitutional rights. Under the United States and California Constitutions, a criminal defendant has the right to a jury determination of all elements of the charged offenses. (See Leach v. Kolb (7th Cir. 1990) 911 F.2d 1249, 1255; People v. Figueroa (1986) 41 Cal.3d 714, 725-726 [224 Cal.Rptr. 719, 715 P.2d 680].) Because a finding of insanity under California law “is dispositive only on the question of whether the accused is to be held criminally responsible for committing the charged offense[,] it is not determinative of whether the elements of the offense, and thus the criminal conduct itself, have been established.” (Leach v. Kolb, supra, 911 F.2d at p. 1255; see People v. Troche (1928) 206 Cal. 35, 44 [273 P. 767] [“The plea of insanity is, and of necessity must be, a plea of confession and avoidance.”].) Thus, taking the issue of insanity away from the jury does not violate the United States or California Constitution. (See Leach v. Kolb, supra, 911 F.2d at p. 1256; see also People v. Ramirez (1972) 27 Cal.App.3d 660, 670 [104 Cal.Rptr. 102] [removing the issue of once in jeopardy from the jury did not violate the defendant’s right to a jury trial].)
Of course, the availability of a directed verdict does not help the prosecution in this case. As the majority correctly observes, the defendant in this *530 case presented “substantial evidence from which reasonable jurors could have concluded that he was insane at the time he committed the remaining offenses.” (Maj. opn., ante, at p. 527.) Accordingly, I concur.

 All further statutory references are to the Penal Code.