[No. 10,082.]

## THE PEOPLE v. WM. B. O'NEIL.

JURY IN CRIMINAL CASE.—A jury in a criminal case must, within the meaning of the constitution, consist of twelve men. The defendant cannot consent to be tried by a jury composed of a less number.

INDICTMENT.—An indictment which charges the defendant with feloniously assaulting a female, by throwing her on her back, and attempting to have sexual intercourse with her, with intent to outrage her person, does not charge an assault with intent to commit rape.

ALLEGATION IN INDICTMENT.—An indictment must allege that the offense was committed within the county in which it is found.

APPEAL from the County Court, Del Norte County.

The charging part of the indictment was as follows: "The said William O'Neil, on the 9th day of April, A. D. 1873, and previous to the time of finding this indictment, on the point west of Crescent City, did unlawfully and feloniously assault one Hannah Dunlay, with intent to outrage her person, by throwing her (the said Hannah Dunlay) on her back, and attempting to have sexual intercourse with her; all of which is contrary," etc.

The defendant consented to be tried by a jury of eleven men. He appealed.

The other facts are stated in the opinion.

*Chamberlin* and *De Haven*, for Appellant, cited *Norval* v. *Wise*, 2 Wis. 22; *Carpenter* v. *The State*, 4 How. (Miss.) 163; *Jackson* v. *The State*, 6 Blackf. (Ind.) 451; *Doebler* v. *The Commonwealth*, 3 S. and R. 236; *People* v. *Trim*, 37 Cal. 274; *Cancemi* v. *The People*, 18 N. Y. 128.

*Attorney-General Love*, for Respondents.

By the Court, RHODES, J.:

The defendant was convicted of an assault, with intent to commit rape. The verdict was rendered by a jury consisting of only eleven jurors; and this is assigned by the defendant as error. The Attorney-General confesses the error; and it may be added that the authorities cited by the defendant establish the proposition that a jury in a criminal action must, within the meaning of the constitution, consist of twelve men.

The indictment does not charge an assault with intent to commit rape. It, at best, only charges an assault. It is not alleged that the offense was committed within the county in which the defendant was indicted.

Judgment reversed, and cause remanded.      Remittitur forthwith.