# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

---

THE PEOPLE *v.* BEHN ET AL.

## APPEAL from the District Court of Guayama.

No. 72.—Decided June 14, 1907.

INFORMATION—REQUIREMENTS—CLASSIFICATION OF CRIME.—The classification of the crime, either by a definite statement of the crime charged, or in general terms, whether it is a felony or a misdemeanor, is not a necessary requisite in an information, but an information is sufficient if it conforms to the provisions of sections 71 and 82 of the Code of Criminal Procedure. Neither is it necessary to state therein the section or sections of the Penal Code defining the crime.

ID.—JURISDICTION OF THE COURT.—A general or special classification of the crime, although it is a good practice and should be followed by *fiscals* of district courts, is not necessary to determine the jurisdiction of the court, as the jurisdiction of courts must be determined, not by the classification of the crime in the information, but by the facts set forth in the information, in accordance with the Penal Code.

PLACE AT WHICH CRIME IS COMMITTED.—In accordance with the provisions of section 82 of the Code of Criminal Procedure, it is necessary to state in an information the place in which the crime was committed.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of December 1 of last year the *fiscal* of the District Court of Guayama filed an information in said court against Lucas Behn and Antonio Díaz, in which he alleged:

"That the association of 'Union de Marineros' of Arroyo, local No. 618, is a mutual association, duly organized, having complied with

all legal requirements, and has full authority to elect officers for its management, to enact regulations for its government, and possesses all the other powers and rights which organizations of this character usually have. That under the by-laws and the regulations of the aforesaid association, 'Union de Marineros,' local No. 618, the president, treasurer and auditor are responsible for the funds and the management of the funds entering said association. That on or about August 15, 1905, the defendants, Lucas Behn and Antonio Díaz, were respectively elected president and auditor of the said association, and continued as such from the said date until May 14, 1906. That all the dues payable, according to the regulations of the association referred to, during the period they held office and were the said officers of the association mentioned, were delivered and paid to the defendants and they received them as the legal agents and officers of the aforementioned association of 'Union de .Marineros,' local No. 618; furthermore, there was paid to them and they received the proceeds of a number of sales of property belonging to said association, ordered and made by the association itself, and, furthermore, when they first took possession of their respective offices the funds in the treasury of said association, according to the books of accounting thereof, were delivered to and received by them. That the aforementioned defendants, Lucas Behn and Antonio Díaz, having the aforementioned funds, the property of the association, in their possession and custody as officers and agents of the said association, they illegally, wilfully and fraudulently appropriated to their own private and personal use, without any right or authority of law or of the regulations of the association, and without the express or implied consent of the members composing said association, the sum of $451, and still illegally, wilfully and fraudulently retain said sum in their possession and power. This act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto Rico.''

Counsel for the defendants filed a demurrer to the information transcribed, on the ground that the form thereof did not conform to the requisites prescribed by sections 71, 72 and 73 of the Code of Criminal Procedure, alleging as grounds that the information does not state the place or district in which the alleged punishable act was committed, nor the date on which it occurred, nor does it qualify the crime as a felony or misdemeanor, nor does it state whether the cor-

poration "Union de Marineros" of Arroyo is incorporated or legally registered in Porto Rico, for which reason he prayed that, upon consideration of the demurrer interposed, it should be sustained, and that the information be quashed.

The Guayama court rendered a decision on the 10th of said month of December, which we believe it advisable to transcribe in full:

"A demurrer to the information presented by the district *fiscal* has been filed by the defendants, Lucas Behn and Antonio Díaz alleging a violation of sections 71, 72 and 73 of the Code of Criminal Procedure, and a separate examination of each of the grounds on which the demurrer is based shows the following:

"(*a*) The place where the crime charged was committed is not stated, nor is it even indicated that it was committed within this judicial district. This is a requisite prescribed by subdivision 4 of section 82 of the Code of Criminal Procedure (959 of California), and the Supreme Court of California has held in an imperative manner 'that the information must allege that the crime was committed within the county in which the information is filed or prosecuted.' (*People* v. *O'Neill,* 48 Cal., 257; *People* v. *Baker,* 100 Cal., 188; *People* v. *Wang Wang,* 92 Cal., 277.) Even though this express provision and this specific jurisprudence did not exist, the necessity of determining the place of the commission of the crime would, without doubt, be deduced from other provisions of said Code. Section 2 (681 of California) provides that no one can be punished for an offense except upon a legal conviction in a court having jurisdiction thereof, and this provision is specifically explained by section 8 of said Code, which provides that 'the jurisdiction of an offense shall be in the district court of the dictrict where the offense has been committed.'

"(*b*) Although the exact date on which the crime was committed is not stated, it may be deduced from the information that it was committed between August 15, 1905, and May 14, 1906, while the defendants were acting for the prejudiced society in the capacities stated. This indication would be sufficient for the purposes of section 78 (955 Cal.) and 82, subdivision 5, of the Code of Criminal Procedure, if the information had set forth that a felony was involved, because the term of prescription determined in section 78 of the Penal Code (800 Cal.) has not expired.

"(*c*) The statement of facts contained in the information is not sufficient to constitute the crime charged. This determination of the offense is required by subdivision 2 of section 75 of the Code of Criminal Procedure (952 Cal.), which in the California text evidently refers to the requisites of the information and not to those of the warrant of arrest, as the Spanish text of Porto Rico appears to indicate, as a consequence of the sections which the latter contains. The offense must be stated or classified in the information in order that the defendant may know for what crime he must answer; in order that the jury may have a basis upon which to base its verdict of guilty or not guilty; in order that a definite crime may be presented to the court, to which the penalty prescribed by law may be applied; and in order to protect the defendant against a second charge for the same crime. These and other reasons stated by Bishop (Criminal Proc., secs. 506 and 507) are confirmed by the text of section 5 of the Penal Code, which provides that 'no person shall be arrested for any crime or offense unless such crime or offense is expressly declared in this Code * * *,' and to comply with this provision nothing is more obvious than to define the crime by referring to the section of the Penal Code which comprises it; the constant practice in this court and other courts of the Island have so established it.

"(*d*) It is not necessary that the information should state whether the corporation alleged to have been prejudiced is or is not legally constituted, because section 79 of the Code of Criminal Procedure (956 Cal.) clearly provides that 'an erroneous allegation as to the person injured is not material'; and the jurisprudence announced in *The People* v. *Ah Sam,* 41 Cal., 645, applied more specifically to this case. Therefore, in view of sections 82, 147, 148, 153, 156 and 159 of the Code of Criminal Procedure, and holding the information filed against Lucas Behn and Antonio Díaz to be insufficient, the demurrer is sustained in so far as it relates to the place where the offense was committed and the determination of the crime; and the court orders the *fiscal* to file a new information within the period of 15 days, the bail furnished by the defendants continuing in force in the meantime."

The *fiscal* of the District Court of Guayama took an appeal from this decision, which the *fiscal* of this Supreme Court has sustained here both orally and in writing, praying that said judgment be affirmed in so far as it sustains the demurrer on the ground that the information does not specify the place where the crime was committed, and that it be reversed in

so far as it requires the determination or qualification of the crime for which the defendants are being prosecuted.

As will be observed, the only legal question to be discussed and decided in this appeal is whether it is a necessary requisite in an information to determine or classify the crime by stating that it is a felony or a misdemeanor, or by giving it the legal classification which may be proper under the Penal Code, or by specifying the section of said Code which defines and punishes it.

The considerations which the judge of the Guayama court embodied in his decision, upon the point under discussion, appear to us good and acceptable, provided these considerations be not given any further scope than to establish the advisability of defining and qualifying the crime charged by the acts alleged in the information; and we even deplore that an appeal like this one has come before us for the discussion and decision of a question which is of no importance whatever to the interests of The People of Porto Rico. If the *fiscal* of the Guayama court had accepted the judgment of said court and had filed a new information, fixing the place of the commission of the crime, and had classified it in accordance with the Penal Code, which was a very easy matter, the proceedings would have continued their course without the suspension caused by the appeal taken, and perhaps by this time the defendants would have been tried and the administration of justice would have been saved great expense thereby.

But now that the only legal question involved in the appeal has been brought to this Supreme Court for decision we will proceed to decide it in accordance with the terms of the written law.

Section 71 of the Code of Criminal Procedure provides that the information must contain the title of the action, specifying the name of the court to which the same is presented and the names of the parties, and, furthermore, a statement

of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.

This article does not require that the crime be classified in accordance with the Penal Code, nor that it be stated whether it is a felony or misdemeanor.

It is true that section 72 of said Code contains a form which may serve as a guide to *fiscals* in the preparation of their informations, and this form contains a determination of the crime committed or a designation thereof as a felony or misdemeanor; but as said form is not obligatory, it is evident that a failure to use it cannot serve as a ground for considering an information to be necessarily defective provided it complies with the requirements of section 71 and those to be deduced from section 82, which likewise does not require that the crime be classified.

With relation to the point under discussion, it is sufficient that the act or omission considered as a crime be determined clearly and distinctly in ordinary and concise language, without repetition and in such manner as to enable a person of common understanding to know what is intended, and that such act or omission be expressed in such a degree of clearness as to permit the court to pronounce its judgment upon a conviction in accordance with the law.

Upon compliance with these requirements, a mere reading of the proper section or sections of the Penal Code will show the classification of the crime—that it, whether it be a felony or misdemeanor.

Furthermore, the failure to classify the crime, whether such classification be general by the use of the words felony or misdemeanor, or special, by giving the crime the name corresponding to it under the Penal Code, and determining the section or sections of said Code covering it, would at the utmost constitute a defect or imperfection in form which would not materially prejudice the rights of the defendant,

and consequently would not render the information insufficient according to section 83 of the Code of Criminal Procedure.

Nor can it be alleged that the general or special classification of the crime is necessary to determine the jurisdiction of the court, because such jurisidiction must be determined, not by such classification, but by the classification which the acts described in the information should be given in accordance with the Penal Code.

We believe, therefore, that it is not a necessary requisite of the information that acts set forth therein be classified as a felony or a misdemeanor, or that such acts be classified by the name corresponding to them under the section or sections of the Penal Code in which they are comprised; but we are also of the opinion that the theory sustained by the judge is good, which theory might well be recommended to the *fiscals* for observance, without imposing on them the obligation of following it.

For the reasons stated, the decision appealed from should be left in force as to the points which have not been made the subject of the appeal and it should be affirmed in so far as it sustains the demurrer filed by the defendants on the ground that the place where the crime was committed is not stated, and that it be reversed in so far as it sustains said demurrer on account of the crime not having been classified; and it is ordered that this be so communicated to the lower court, for the proper purposes.

*Accordingly decided.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.