[Crim. No. 1587.   Third Appellate District.—January 8, 1938.]

THE PEOPLE, Respondent, v. FRANK CLARK, Appellant.

Frank Clark, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, Wilmer W. Morse, Deputy Attorney-General, F. C. Cloudsley, District Attorney, and Max I. Willens, Deputy District Attorney, for Respondent.

THOMPSON, J.—The defendant has appealed from an order of court denying his motion to vacate the judgment of commitment which was rendered against him upon conviction of two felonies. It is contended the court was without jurisdiction to render the judgment for the reason that the verdict was returned by only eleven jurors. One of the twelve jurors sworn to try the case became ill and was unable to complete the case. By consent of both parties, including the defendant and his attorney, in open court the absence of the sick juror was waived.

In March, 1931, the defendant was charged by an information filed in San Joaquin County with the crimes of robbery and an assault to commit murder, together with the former conviction of another felony. He admitted the former conviction, but pleaded not guilty to the other charges. He was represented at the trial by an attorney. A jury of twelve individuals was regularly impaneled and sworn to try the cause. By consent of both parties, the defendant personally, his attorney agreeing thereto, expressly waived in open court the absence of the sick juror and the defendant consented to the completion of the trial with the remaining eleven jurors, as above stated.

The jury, consisting of eleven persons, returned a unanimous verdict against the defendant, finding him guilty of the two felonies with which he was charged. No motion for a stay of judgment was made. Time for sentence was waived, and the defendant was sentenced to imprisonment in Folsom state prison. The prison board subsequently fixed his term at twenty-five years. Since that time he has been and now is serving sentence in that prison.

September 13, 1937, the defendant presented a motion to the Superior Court of San Joaquin County to vacate the judgment of commitment on the ground that the court was without jurisdiction to render it since he was not convicted by a jury consisting of twelve persons. This motion was made on the theory that the defendant had no authority to waive the absence of the sick juror or to consent to a trial by less than twelve jurors. The motion was heard upon stipulated facts. It is conceded the absence of the juror was waived by the defendant as above related and that he consented to be tried by the remaining eleven jurors. The motion was denied. From the order denying that motion this appeal was perfected.

The motion to vacate the judgment was properly denied. The defendant was authorized by article I, section 7, of the California Constitution to, and did in open court formally waive the absence of the twelfth juror, consenting to be tried by the remaining eleven jurors. That procedure did not divest the court of jurisdiction to pronounce judgment. There is no sound reason why a defendant may not waive a part of a jury since the constitutional provision authorizes him to waive the entire jury. Since the amendment of the above section of the Constitution in 1928, that procedure is specifically authorized. Prior to 1928, article I, section 7, of the Constitution provided that: ''A trial by jury may be waived in all criminal cases *not amounting to a felony* by the consent of both parties, expressed in open court.'' That section now reads that ''A trial by jury *may be waived in all criminal cases,* by the consent of both parties, expressed in open court by the defendant and his counsel.''

A defendant who is charged with a felony may waive trial by a jury or may consent to a trial by a jury consisting of less than twelve members. (*Patton* v. *United States,* 281 U. S. 276 [50 Sup. Ct. 253, 74 L. Ed. 854] ; 70 A. L. R. 279, note; 105 A. L. R. 1114, note.) In the leading case, *Patton* v. *United States, supra,* under circumstances exactly like those of the present case, the verdict finding the defendant guilty of a felony, which was returned by a jury consisting of eleven persons, the twelfth juror having been excused on account of illness, was upheld as valid and binding. In that case the defendant in open court waived the absence of the twelfth juror. In an elaborate opinion which reviews all of the

earlier cases on that subject, some of which are conflicting with the views there expressed, the Supreme Court of the United States definitely and logically holds that in the absence of a constitutional or statutory provision to the contrary, a defendant may waive a trial by jury, or he may consent to a trial by a jury consisting of less than twelve members. In that case every contention which is made by the defendant in this case is determined adversely to him. In the Patton case the court says:

"An appeal was taken to the Circuit Court of Appeals upon the ground that the defendants had no power to waive their constitutional right to a trial by a jury of twelve persons."

The Supreme Court concludes that:

"A person charged with a crime punishable by imprisonment for a term of years may, consistently with the constitutional provisions already quoted, waive trial by a jury of twelve and consent to a trial by any lesser number, or by the court without a jury. . . .

"We conclude that article 3, sec. 2, is not jurisdictional, but was meant to confer a right upon the accused which he may forego at his election. To deny his power to do so is to convert a privilege into an imperative requirement. . . .

"We are of opinion that the court has authority in the exercise of a sound discretion to accept the waiver, and, as a necessary corollary, to proceed to the trial and determination of the case with a reduced number, or without a jury; and that jurisdiction to that end is vested by the foregoing statutory provisions. The power of waiver being established, this is the clear import of the decision of this court in *Schick* v. *United States*, 195 U. S. 65, 70, 71 [49 L. Ed. 99, 102, 103, 24 Sup. Ct. 826, 1 Ann. Cas. 585]."

A large number of cases from various jurisdictions support the foregoing conclusions of the Supreme Court.

In the present case, not only is there no statute to the contrary, but the California Constitution, as amended in 1928, specifically authorizes the defendant to waive trial by jury "In all criminal cases", which includes both felonies and misdemeanors. The courts have consistently held that a defendant who is charged with a felony may waive a jury and plead guilty to the offense. Furthermore, it is held that when a defendant pleads guilty to the offense with which

he is charged that procedure is, in effect, a waiver of his right to trial by jury. (*People* v. *Lennox,* 67 Cal. 113 [7 Pac. 260] ; *People* v. *Hickman,* 204 Cal. 470, 476 [268 Pac. 909, 270 Pac. 1117] ; *State* v. *Baer,* 103 Ohio St. 585 [134 N. E. 786].) Since the Constitution formerly authorized the waiver of a jury trial only in misdemeanor cases, it must be assumed the amendment was adopted for the express purpose of extending that right to felony charges.

The case of *People* v. *O'Neil,* 48 Cal. 257, upon which the appellant relies, is not determinative of this case, for the reason that the Constitution as it then existed did not permit a defendant to waive trial by a jury in a felony charge. It follows that since he could not then waive a trial by jury, he would not be permitted to consent to a verdict which was rendered by a part of a jury only. Moreover, that case was determined on the ground that the information failed to state a cause of action for the reason that it was not alleged the offense was committed in the county in which it was tried.

In the case of *People* v. *Garcia,* 98 Cal. App. 702 [277 Pac. 747], which was tried after the amendment of the Constitution above referred to, the defendant was charged with a felony. At the trial both attorneys waived a trial by jury, but the defendant himself did not do so. The amendment provides that a trial by jury may be waived only "by the consent of both parties, expressed in open court *by the defendant and his counsel*". The court said in the Garcia case:

"It is at once obvious that this inviolate constitutional right may not be taken away in disregard of the fundamental legal privilege and power of election guaranteed to the party charged, *by attempting to vest in his representative the dual capacity and authority of counsel and accused.*"

The court also infers that the purported waiver of a trial by jury was not made, even by the attorneys, *in open court.* The defendant was convicted. The People appealed from the order granting defendant's motion for a new trial. That order was affirmed on appeal, on the sole ground that the defendant himself had not personally agreed to the waiver of a jury and that the purported waiver was not made in open court. That case does not afford the appellant in this case any comfort. It is not authority favorable to him.

The only other case in this jurisdiction which even remotely refers to the issue which is involved in this case, is *People* v. *Bruneman,* 4 Cal. App. (2d) 75 [40 Pac. (2d) 891]. This case does not support the contention of the appellant in this cause. The Bruneman case does not involve the question of waiver of a jury or any part thereof. The judgment of conviction in that case was reversed solely on the ground that two individuals who were not members of the trial jury, were permitted to remain in the jury room while the jury were engaged in considering the evidence and determining their verdict. It is true that those two individuals had been sworn as "alternate jurors". But they were not members of the jury which heard and determined the case. They had no right to be present while the jurors were considering and determining their verdict. Their participation in the deliberations of the jury sworn to try the cause, or even their presence in the jury room during the deliberations of the jury, was unlawful and rendered the verdict void. The court says in that case, quoting with approval from the case of *People* v. *Knapp,* 42 Mich. 267 [3 N. W. 927, 36 Am. Rep. 438], regarding that situation:

" 'The presence of a single other person in the room is an intrusion upon this privacy and confidence, and tends to defeat the purpose for which they are sent out.' Other cases to like effect are *Rickard* v. *State,* 74 Ind. 275; *State* v. *Wroth,* 15 Wash. 621 [47 Pac. 106]; *Gibbons* v. *Van Alstyne,* 56 Hun, 639 [9 N. Y. Supp. 156, 157]."

Moreover, since the trial of a criminal case without a jury, or by a jury consisting of less than twelve members, in any event is no more than an irregularity of procedure, the court having jurisdiction of the person of the defendant and of the cause, if an error in that respect did exist, and we are of the opinion it did not exist in the present case, the defendant would be required to take advantage of the irregularity by an appeal from the judgment. The judgment in the present case is regular on its face. The defendant failed to move for an arrest of judgment or for a new trial. He also failed to appeal from that judgment. He therefore waived his objection to such asserted irregularity, and may not raise the question by *habeas corpus,* a petition for a special writ or by an appeal from an order denying his application to set the judgment aside by means of an inde-

pendent motion which is made subsequent to the time allowed for an appeal from the judgment. It is only when the judgment is void that such a motion may prevail. (*People* v. *Russell,* 139 Cal. App. 417 [34 Pac. (2d) 203]; *People* v. *Howard,* 7 Cal. App. (2d) 283 [46 Pac. (2d) 268]; *People* v. *Ramirez,* 139 Cal. App. 380 [33 Pac. (2d) 848]; *Powelson* v. *Lockwood,* 82 Cal. 613 [23 Pac. 143]; *In re Fife,* 110 Cal. 8 [42 Pac. 299]; *Goodman* v. *Superior Court,* 8 Cal. App. 232 [96 Pac. 395]; *Amos* v. *Superior Court,* 196 Cal. 677 [239 Pac. 317].)

There is no merit in this appeal.

The order is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 7, 1938.