[Crim. No. 5394. Second Dist., Div. Three. Dec. 8, 1955.]

THE PEOPLE, Respondent, v. MRS. MILDRED FRANCES MASSEY et al., Defendants; PAUL GEORGE HORNER, Appellant.

624

Paul K. Duffy for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—Paul George Horner appeals from judgments adjudging him guilty of several felonies and from an order denying his motion for a new trial.

The charges were (1) participating with one Mildred, a codefendant, in violation of section 288a of the Penal Code on June 15, 1954, (2) participating with said Mildred a codefendant, in another violation of the section on the same day, (3) violation of the section committed with one Bonnie on the same day, and (4) conspiracy with said Mildred to commit violations of said section.

The case of Horner and his codefendant was tried upon testimony given at the preliminary examination and additional testimony received at the trial. Both defendants were convicted of the first three offenses charged and acquitted of the fourth. On behalf of Horner an opening brief was filed by Mr. Dunham, who represented Horner at the trial. He did not appear when the appeal was set for argument. In that brief the only ground urged for reversal was that there was "no competent or substantial evidence beyond a reasonable doubt to establish the crime." And the entire argument of the point reads as follows: "With respect to the charges set forth in the aforementioned three Counts of the second case, the entire record of the Trial evidences conclusively that the essential elements of the crime alleged were not committed (Reporter's Transcript, pp. 111-163; 178). Here again the attention of the Court is directed to the Case of *People* v. *Kennedy*, 21 Cal.App.2d 185 [69 P.2d 224]." At the time of the argument Horner was given leave to obtain new counsel and to file an additional brief. This has been done; a brief has been filed by Mr. Duffy.

 As to charges 1 and 3 above, appellant on the stand admitted acts of physical contact which were elements of the

offenses charged. Bonnie testified to similar acts committed by appellant as evidence of the commission of the second offense above mentioned. In addition there were photographs received in evidence taken at the time of the commission of the several acts charged. These were explained by the witnesses; the subjects of the pictures, appellant and Mildred, were identified and the acts were described. Understandably, it has not been suggested by the appellant that these pictures be brought up and considered as a part of the record on appeal. ■ Defendant's explanation on the stand was that the acts were committed for the sole purpose of obtaining the pictures, but this, even if true, would not necessarily have constituted a valid defense. ■ There was ample evidence of physical contact as a means of committing the offenses, and even if the trial court could have believed it was not the purpose of the participants to gratify sexual desires, that was not a conclusion which the court was required to reach as the only reasonable deduction from the evidence. From the evidence given concerning the actions of the parties and the nature of the pictures we have no reason to doubt that the evidence justified the court in determining that the offenses charged had been committed. It does not appear from the record, as a matter of law, that defendant had no criminal intent.

■ The arrangements which preceded the taking of the pictures, together with the carrying out of the plan, amounted to a conspiracy to violate the law, as charged.

■ Appellant argues that the acts proven are not embraced within a correct definition of ''copulating'' and that the meaning of the word as used in the statute is obscure and uncertain. If the word is understood as implying ''coupling,'' which is permissible, there is no uncertainty as to the legislative intent. The word as used in the statute has a well understood meaning (*People* v. *Harris,* 108 Cal.App.2d 84 [238 P.2d 158]). ■ A further contention is that the acts denounced are not such deviations from ordinary human behavior as to warrant their proscription. The arguments are based upon writings of students of the psychology of sex and are for the lawmakers, not the courts. The judgments are not subject to any of the infirmities urged by appellant.

When the cause was called for argument and the attorney who represented appellant at the trial and filed a brief did not appear we permitted argument by appellant. We feel impelled to remark upon the failure of the attorney to make an appearance or to offer any excuse for his absence.

626

■ Desertion of a client is inexcusable. As long as the relationship exists it is the duty of an attorney to speak for his client at every stage of the proceedings and not leave him to his own devices and helpless in a maze of legal procedure. Having undertaken the defense of a criminal case an attorney must continue with his services until he is released by the client or by the court. He may apply to the court for release from further service and for good cause shown may be released, but he may not abandon his representation at will, nor for considerations personal to himself. (Bus. & Prof. Code, § 6068.) ■ He is an officer of the court and as such owes a duty of respect for the court as well as fidelity to his client. When an appeal is calendared for argument the court expects counsel to make an appearance or to advise the court of a reason for nonappearance.

The judgments and order appealed from are affirmed.

Wood (Parker), J., and Nourse (Paul), J. pro tem.,* concurred.

A petition for a rehearing was denied December 23, 1955, and the petition of appellant Paul George Horner for a hearing by the Supreme Court was denied January 5, 1956.

*Assigned by Chairman of Judicial Council.