[Crim. No. 3630.   First Dist., Div. Two.   Feb. 8, 1960.]

THE PEOPLE, Respondent, v. BENNY W. RAGSDALE, Appellant.

Charles L. Barnard, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Preble Stoltz, Deputy Attorneys General, for Respondent.

DOOLING, J.—Appellant is represented by court-appointed counsel who has presented his arguments with commendable zeal and lawyer-like completeness. Appellant Ragsdale and his codefendant Underhill were charged by indictment with the felony denounced by Penal Code, section 288a (oral sexual copulation). Defendant Underhill's appeal has been voluntarily dismissed. The two defendants were prisoners in San Quentin Prison at the time the alleged offense occurred. There was explicit eyewitness testimony of the commission of the prohibited act in a prison cell on March 9, 1958. Forthwith commencing on that day the defendants were disciplined for the offense as a violation of prison regulations by being placed in solitary confinement. The indictment charging this offense was returned by the grand jury on September 15, 1958. After the close of the evidence one of the jurors was confined to his bed by illness. The two defendants personally, their counsel and the prosecuting attorney all stipulated that the case might be decided by the eleven remaining jurors and the jury as so constituted returned its verdict of guilty as charged.

Counsel presents three arguments for reversal: 1. The appellant's right to a speedy trial guaranteed by the Constitutions of California and the United States was violated by the lapse of over six months in returning the indictment; 2. The trial by eleven jurors violated the rights guaranteed by section 7, article I,, California Constitution and Penal Code, section 1123; 3. As applied to persons confined in prison

Penal Code, section 288a, is an unconstitutional violation of the due process clauses of the state and federal. Constitutions.

█ 1. The ready answer to the argument that appellant was not speedily brought to trial is that no objection was made at the trial on that ground and that being so it is now too late to raise that question for the first time on appeal. (*People* v. *Jordan*, 45 Cal.2d 697, 708 [290 P.2d 484].) █ But passing this consideration the provision of the California Constitution upon which appellant relies (Cal. Const., art. I, § 13) guarantees "the party accused" a speedy trial. Appellant was not a "party accused" within the meaning of this section until the indictment of the grand jury was returned. (*People* v. *Jordan, supra*, 45 Cal.2d 697, 708.) █ Appellant seems to claim additionally that he was "arrested" on March 9, 1958, and his right to a speedy trial then arose. An arrest is "taking a person into custody." (Pen. Code, § 834.) Since appellant was already in custody the conduct of the prison officers in disciplining him for violation of prison rules was not an arrest. Whatever rights to a speedy trial appellant may have had were governed by Penal Code, section 1381. (*Osmulski* v. *Superior Court*, 169 Cal.App.2d 444 [337 P.2d 520].) There is no showing that appellant ever made the demand for a trial required by that section.

█ 2. Appellant's claim that he could not constitutionally or under Penal Code, section 1123, consent to trial by a jury of less than twelve in a felony case is foreclosed by the previous decisions. (*People* v. *Clark*, 24 Cal.App.2d 302 [74 P.2d 1070], hearing in Supreme Court denied; *People* v. *Williams*, 128 Cal.App.2d 458, 465 [275 P.2d 513]; *People* v. *Patterson*, 169 Cal.App.2d 179, 186-187 [337 P.2d 163], hearing in Supreme Court denied.) Were the question a new one we might be impressed by the argument that the last sentence of section 7, article I of the California Constitution impliedly prohibits trial by jury of less than 12 in felony cases. That sentence reads: "In civil actions and cases of misdemeanors, the jury may consist of twelve, or of any number less than twelve upon which the parties may agree in open court." The argument that this impliedly excludes, by failing to mention, felony cases is forceful, but the question is now foreclosed by the three cases cited above in two of which the Supreme Court denied hearings. In view of this judicial history if the question is to be reopened now only the Supreme Court should do it.

█ 3. Appellant posits his argument that as applied to a prison inmate Penal Code, section 288a, is unconstitutional on

the major premise that the only justification for this legislation is to encourage procreation and argues that this justification ceases where the person is an imprisoned felon. No authority is cited for the major premise and the making of unnatural sexual relations a crime is embedded in the history of the common law and finds its sanction in the broader basis of the settled mores of our western civilization. There is a considerable body of opinion that as between willing adults the question should be left to moral sanctions alone and eliminated from the criminal law. That however presents a legislative questions and not one for the courts. (*People* v. *Massey,* 137 Cal.App.2d 623, 625 [290 P.2d 906].)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.