[Crim. No. 3709. First Dist., Div. One. Jan. 30, 1961.]

THE PEOPLE, Respondent, v. ROBERT LEWIS DYER, Appellant.

Spencer W. Strellis, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John S. McInerny, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—Dyer appeals from a judgment of conviction. The offense is selling heroin (Health & Saf. Code, § 11500). Through court-appointed counsel, he urges that he did not validly consent to the absence of a juror or to have his case decided by a jury of 11 persons.

No claim is made that the evidence does not support the verdict. We have examined the transcript and find the evidence more than sufficient.

The question arises in this way: The presentation of evidence and the argument of counsel were substantially completed on Friday afternoon. The court remarked that he did not "want to impose upon the jury by instructing them at this late hour on Friday," and that "intervening engagements [of one of counsel] preclude doing so on Monday,"

and suggested that the court reconvene at 9 a. m. on Tuesday. A juror said that he could attend on Monday, but it would be difficult on Tuesday, although he could do so "if it is going to inconvenience everybody else." He was going on his vacation, leaving for Hawaii, on Tuesday. After a little further discussion, the court indicated that it would proceed on Tuesday, and concluded by saying, "The only other possible thing that can be done is that counsel could stipulate to excuse this gentleman, if you want to, but I don't know if you want to do that." The district attorney promptly stipulated; so did Dyer's counsel and counsel for a codefendant, Coffey. Counsel for Coffey asked his client if he would stipulate, to which Coffey replied, "Yes, sir." No one asked Dyer if he was willing and he said nothing. The court then excused the juror, and directed the other 11 jurors to return at 9 o'clock, Tuesday morning.

On Tuesday, with 11 jurors present, the matter was continued until Wednesday at 2:30 because the defendant Coffey failed to appear. Dyer and his counsel were present, but neither said anything about the absence of the excused juror. On Wednesday, the court again asked counsel if the case was to proceed with 11 jurors, and all counsel agreed. The court then had counsel and the defendants "approach the Bar," and inquired of each counsel and of each defendant if he wished to proceed with 11 jurors "and accept the verdict of the jury of eleven as the true verdict." Dyer replied "Yes, your honor." The matter then proceeded.

It is argued that Dyer's personal consent was not a "true" jury waiver. Counsel states that the purpose of the 1927 amendment to article I, section 7, of the Constitution[1] was to allow a defendant who desired to waive a jury trial to do so, and at the same time guarantee the right of a defendant to a jury trial if he did not want to waive it. He urges that the waiver was not voluntary because the court's comment, on Friday, in effect suggesting a waiver, put Dyer in an impossible position. The juror then knew that Dyer could excuse him, with the result that if Dyer refused and stood upon his rights, the other parties having waived, he would have provided himself with a hostile juror. Moreover, he says the subsequent proceedings, on Wednesday, were ineffective, because the juror had then been excused.

---

[1] ". . . A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel. . . ."

While it is true that a waiver of jury must be by both defendant and his counsel (*People* v. *Garcia*, 98 Cal.App. 702 [277 P. 747] ; *People* v. *Washington*, 95 Cal.App.2d 454 [213 P.2d 70] ; *People* v. *Holmes*, 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583] ) and while we agree that this rule applies to a consent to be tried by a jury of less than 12 (*cf. People* v. *Clark*, 24 Cal.App.2d 302 [74 P.2d 1070] ), this does not dispose of the matter. ■ Dyer did, personally, consent, as did his counsel, on Wednesday. It is true that on that day the 12th juror had been excused, and presumably was in Hawaii, so that Dyer could not then, by refusing to consent, have the case decided by the 12 jurors who had heard it. But it is also true that if he had then refused to consent, not having consented previously, he could have compelled a mistrial, as to him, and thus obtained another trial by a jury of 12.

■ Nor do we think that the court's remarks on Friday were such as to deprive Dyer of his right to refuse consent. The Constitution and the cases require that the waiver be in open court. (*People* v. *Pechar*, 130 Cal.App.2d 616 [279 P.2d 570].) It would have been better for the court to bring the matter up out of the hearing of the jury, so as to avoid unnecessary embarrassment to the defendants, but the court was not required to do so. It certainly would have been better if, on Friday, while the juror was still available, the court had asked Dyer whether he personally consented. But this was cured by the court's inquiry on the following Wednesday. We assume that, but for Dyer's waiver on Wednesday, his conviction would have been invalid. However, because a refusal on his part to consent, at that time, would have prevented a decision by the 11 jurors remaining, and would have assured him of another trial by a jury of 12, we hold that the consent that he then freely gave was sufficient.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.