[Crim. No. 4783.   First Dist., Div. Three.   July 28, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE MAES et al., Defendants and Appellants.

Benjamin M. Davis and Elfriede Sobiloff for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Paul N. Halvonik, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendants are husband and wife. They visited a San Francisco department store. When they left, Mrs. Maes carried two dresses for which neither of them had paid. They were charged with conspiracy to commit petty theft. Although a jury found them guilty of the charged felony, they were admitted to probation on condition that each serve time in county jail. Both appeal.

Twelve jurors were selected and sworn just before the noon recess. Early in the afternoon session, a woman juror made

audible comments. She interrupted one answer by the witness. Recess was taken and the talkative juror was interviewed in chambers. She was "obviously intoxicated," and was excused with the consent of both counsel, who then stipulated that "the matter may proceed before the remaining eleven jurors." Although defense counsel purported to act for his clients, neither defendant personally expressed consent.

■ Waiver of jury trial in a criminal case must be "expressed in open court by the defendant and his counsel" (Cal. Const., art. I, § 7). This constitutional requirement is rigidly applied. ■ Consent by counsel alone is not enough (*People* v. *Terry,* 152 Cal.App.2d 75 [312 P.2d 709]). Expression of defendant's consent must be by language, and not merely by conduct (*People* v. *Pechar,* 130 Cal.App.2d 616 [279 P.2d 570]).

Respondent recognizes the rule, but argues that it applies only to the entire absence of a jury, i.e., to acceptance of trial by the court without jury. The argument is novel. It has not occurred to either court or counsel in a number of cases which have held trial by 11 jurors proper when expressly agreed to by the defendant in person and, in so holding, have expressly or impliedly assumed that the same strict requirements apply as in waiver of a jury in its entirety (*People* v. *Clark,* 24 Cal.App.2d 302 [74 P.2d 1070] ; *People* v. *Patterson,* 169 Cal.App.2d 179 [337 P.2d 163] ; *People* v. *Rodriquez,* 175 Cal.App.2d 56 [345 P.2d 330] ; *People* v. *Dyer,* 188 Cal.App.2d 646 [10 Cal.Rptr. 613] ; *People* v. *Thompson,* 208 Cal.App.2d 841 [25 Cal.Rptr. 649]). These assumptions, while not decisive, are persuasive.

In any event, the present provision of the Constitution (Cal. Const., art. I, § 7), particularly in the light of the provision it amended, seems conclusive against respondent's view. Until 1928, waiver of jury trial in criminal cases was allowed only in those "not amounting to felony." The 1928 amendment permits waiver of jury "in all criminal cases," thus broadening the permissive waiver of an entire jury. But it carefully retains the final sentence of the former section : "In civil actions and cases of misdemeanor, the jury may consist of 12, or of any number less than 12 upon which the parties may agree in open court." This sentence pointedly excludes felony cases from its operation. Arguably, it prohibits trial of a felony charge by less than 12 jurors, even

with the parties' consent (see *People* v. *Ragsdale,* 177 Cal. App.2d 676, 678 [2 Cal.Rptr. 640]), but that issue is foreclosed *(id.)* by earlier decisions *(People* v. *Clark, supra,* 24 Cal.App.2d 302; *People* v. *Patterson, supra,* 169 Cal.App.2d 179), in which hearing by the Supreme Court was denied.
It seems clear, however, that under our Constitution trial of a felony case by less than 12 jurors is valid only upon waiver as formal as that required for trial without any jury.

Judgment reversed.

Salsman, J., and Devine, J., concurred.