[Crim. No. 2039. Fifth Dist. Oct. 21, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JANICE CAROL AMES, Defendant and Appellant.

390

**COUNSEL**

Richard E. Salisch for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Paul H. Dobson, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, J.**—The sole issue is whether appellant effectively waived her right to be tried by a jury of 12 people. The trial which had begun with 12 jurors was completed with 11 jurors because one juror was excused while the trial was in progress with no alternate available.

During defense counsel's closing argument the judge noticed that one of the jurors had been sleeping. A recess was called and both counsel and appellant met in chambers whereupon the following took place:

"THE COURT: I have noticed and I have sat there watching for about the better part of an hour, Mrs. Spellman, Juror No. 7, who is alternately awake and asleep and I cannot allow that to continue . . . I don't know what her situation is or what her problem is, but in view of this particular circumstance, if the Defendant wants to move for a mistrial, I will grant it.

"MR. STRAUSS [Defense Counsel]: May I have a moment to discuss this with my client, Your Honor?

"THE COURT: You may do so. Do you want to go into the Municipal Court room?

"(Whereupon, recess was had, after which the following proceedings were had in chambers:)

"THE COURT: All right. Back on the record.

"MR. STRAUSS: Your Honor, we would desire to go, proceed with the trial with eleven jurors, excusing the juror who is apparently unable to concentrate on the case.

" . . . . . . . . . . . . . . . . .

"THE COURT: Mr. Hagan.

"MR. HAGAN [Prosecutor]: We'd be willing to proceed with eleven.

"THE COURT: All right. Then, gentlemen, I will tell her that she's excused right now and you stipulate, then, to excuse her and we'll proceed with eleven jurors.

" . . . . . . . . . . . . . . . . .

"(Whereupon, the following proceedings were had in open court in the presence and hearing of the Jury:)

" . . . . . . . . . . . . . . . . .

"MR. STRAUSS: We have decided we will proceed without the juror.

"THE COURT: All right. Proceed, Mr. Strauss."

## DISCUSSION

█ If this were a case of first impression we would not hesitate to hold that appellant impliedly waived her right to be tried by a full jury by declining to accept the trial court's offer for a mistrial and by remaining silent while her counsel expressly consented to continue with a jury of 11 members. Logically, appellant received a jury trial even though the jury had only 11 members.

However, precedent compels us to conclude that appellant did not effectively waive her right to be tried by 12 jurors. In *People* v. *Maes,* 236 Cal.App.2d 147 [45 Cal.Rptr. 903], an intoxicated juror was excused with the consent of defense counsel and the prosecuting attorney who stipulated that the trial could proceed with 11 jurors. The defendant did not personally express consent. The People argued that the verbal consent of the defendant was not required to waive a trial by a jury of 12 members. In rejecting this argument the *Maes* court noted that under the California Constitution (then art. I, § 7, now art. I, § 16) the waiver of a jury trial in a criminal case must be "expressed in open court by the defendant and his counsel" and that this constitutional requirement is to be rigidly applied. In reaching its decision the court found as persuasive a line of cases which expressly or impliedly assumed that the same requirements for a waiver of a jury trial are applicable to a trial by a lesser number. (See *People* v. *Thompson,* 208 Cal.App.2d 841 [25 Cal.Rptr. 649]; *People* v. *Dyer,* 188 Cal.App.2d 646 [10 Cal.Rptr. 613]; *People* v. *Rodriguez,* 175 Cal.App.2d 56 [345 P.2d 330]; *People* v. *Patterson,* 169 Cal.App.2d 179 [337 P.2d 163]; *People* v. *Clark,* 24 Cal.App.2d 302 [74 P.2d 1070].)

The rationale of these cases is that our constitutional guarantee of the right to a jury trial is the right as it existed at common law at the time the constitution was adopted. (*People* v. *Kelly,* 203 Cal. 128, 133 [263 P. 226]; *People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283, 286-287 [231 P.2d 832].) The common law jury consisted of 12 persons. (*People* v. *Bruneman,* 4 Cal.App.2d 75, 79 [40 P.2d 891].) Thus, a defendant's consent to be tried by less than 12 persons must be as formal as a waiver of the entire jury.

Our Supreme Court also has stated in dictum "[i]t is true that a personal waiver or stipulation by the defendant is needed to continue a trial with 11 jurors after one is properly discharged and there is no alternate, . . . " (*People* v. *Compton,* 6 Cal.3d 55, 61 [98 Cal.Rptr. 217, 490 P.2d 537]; see also *People* v. *Evans,* 8 Cal.App.3d 152, 156 [87 Cal.Rptr. 315].)

The judgments are reversed.

Brown (G. A.), P. J., and Ginsburg, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.