[No. F011373. Fifth Dist. Feb. 1, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ELADIO CHAVEZ TREJO, Defendant and Appellant.

COUNSEL

Jeffry Glenn, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold Overoye, Assistant Attorney General, Michael J. Weinberger and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FRANSON, P. J.**—The question of first impression presented by this appeal is whether a defendant charged with a felony can waive a 12-person jury and stipulate to trial by 6 jurors. We conclude a criminal defendant can consent to a trial by six jurors pursuant to the constitutional provision which permits waiver of a jury trial.

### STATEMENT OF THE CASE

Appellant Eladio Chavez Trejo was charged with one count of offering to sell heroin (Health & Saf. Code, § 11352) in an amount greater than 14.25 grams (Pen. Code, § 1203.07, subd. (a)(2)). Appellant requested trial by a six-person, rather than a twelve-person, jury. After determining that appellant's waiver was knowing and voluntary, the court granted his request.

At sentencing, defense counsel explained his tactical reasons for opting for the smaller jury: "With a six man jury in a case where the prosecution had such strong evidence[1] I was in a position to guarantee that I could at least substitute all six jurors; whereas if it was a twelve man jury I only had ten challenges; if I wanted to knock them all off I couldn't unless I could find cause. So I was in a position that I was able to select a jury that I felt would be best suited toward leniency.

"As the Court would recall we had six females. Almost all of them I would consider them to be in the middle age range. That was not by fortuity, it was my intention to do that. And with the extra challenges that I had I could control it.

---

[1] Appellant was arrested while in the process of selling 404.12 grams of heroin to an undercover officer.

"Moreover, it was my feeling that if in fact I was able to persuade one of those jurors to our point of view I would be dealing with a split of five to one, not eleven to one. So as I saw it we had an advantage, which I did not discuss with counsel; however, I did discuss with my client. We had an advantage with a six man juror [*sic*], and it was to our advantage."

## DISCUSSION

■ The right to trial by jury in criminal cases derives from common law and is secured by both the federal and state Constitutions. (See 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2630, p. 3154.) The federal constitutional guarantee of "trial by jury" does not require a 12-person jury. A criminal trial with six or more jurors is constitutional under the Sixth Amendment of the United States Constitution. (*Williams* v. *Florida* (1970) 399 U.S. 78, 103 [26 L.Ed.2d 446, 462, 90 S.Ct. 1893]; *Ballew* v. *Georgia* (1978) 435 U.S. 223, 245 [55 L.Ed.2d 234, 250, 98 S.Ct. 1029].)

The California Constitution provides for jury trial in criminal cases as follows: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. . . .

"In civil causes the jury shall consist of 12 persons or a lesser number agreed on by the parties in open court. In civil causes in municipal or justice court the Legislature may provide that the jury shall consist of eight persons or a lesser number agreed on by the parties in open court.

"*In criminal actions in which a felony is charged, the jury shall consist of 12 persons.* In criminal actions in which a misdemeanor is charged, the jury shall consist of 12 persons or a lesser number agreed on by the parties in open court." (Cal. Const., art. I, § 16, italics added.)

■ Appellant contends the provision providing for a 12-person jury in felony trials is mandatory and, a felony trial heard by 6 jurors is unconstitutional. Thus, a defendant charged with a felony can accept a jury of 12 or waive a jury entirely, but he cannot waive half the jury. Appellant acknowledges the line of cases which hold a defendant can consent to an 11-person jury if 1 juror becomes incapable of continuing with a trial. (See, e.g., *People* v. *Ames* (1975) 52 Cal.App.3d 389, 392 [124 Cal.Rptr. 894]; *People* v. *Evans* (1970) 8 Cal.App.3d 152, 156 [87 Cal.Rptr. 315]; *People* v. *Maes* (1965) 236 Cal.App.2d 147, 148-149 [45 Cal.Rptr. 903]; *People* v. *Clark* (1938) 24 Cal.App.2d 302, 304 [74 P.2d 1070].) But, he argues, those cases are not

controlling because they were decided before the 1980 amendment to section 16.

Before 1980, section 16 did not expressly require 12 jurors for a felony trial. The section authorized a jury of less than 12 in civil and misdemeanor cases upon agreement of the parties. Since the provision excluded felony cases from its operation, several courts reasoned a 12-person jury was required in felony trials by implication. (See *People* v. *Maes, supra,* 236 Cal.App.2d 147, 148-149; *People* v. *Ragsdale* (1960) 177 Cal.App.2d 676, 678 [2 Cal.Rptr. 640].)

The 1980 amendment rewrote the second paragraph which had read: "In civil cases and cases of misdemeanor the jury may consist of 12 or a lesser number agreed on by the parties in open court" and added, "In civil causes in municipal or justice court the Legislature may provide that the jury shall consist of eight persons or a lesser number agreed on by the parties in open court." The amendment also added the third paragraph which contains the language at issue here: "In criminal actions in which a felony is charged, the jury shall consist of 12 persons." (See Historical Note, 1A West's Ann. Cal. Const. (1983 ed.) art. I, § 16, p. 393.)

The amendment was the result of the electorate's passage of Proposition 6 on the November 4, 1980, ballot. The focus of the amendment was the added sentence in the second paragraph authorizing the Legislature to reduce the required size of juries in civil cases in municipal and justice courts. This is the only provision of the amendment discussed in the voter's pamphlet. The third paragraph is mentioned only in passing, "The present requirement of a 12-person jury in criminal cases is *not* affected by this proposal." (Ballot Pamp., Proposed Amend. to Cal. Const. with arguments to voters, Gen. Elec. (Nov. 4, 1980), argument in favor of Prop. 6, p. 26.) The third paragraph apparently was added for two reasons: first, to reaffirm the right to a 12-person jury in a felony criminal trial as expressed in existing case law; and second, to counter arguments against Proposition 6 that it was the first step toward abolishing one's right to jury trial. (Ballot Pamp., Proposed Amend. to Cal. Const. with arguments to voters, Gen. Elec. (Nov. 4, 1980), argument against Prop. 6, p. 27.) It does not appear the amendment was intended to change the law regarding felony defendants' jury trial rights.

 We believe the crucial question is not whether the 12-person jury is a mandatory provision such that failure to comply with its dictates renders the trial proceedings invalid, but rather whether the provision was intended to preclude an accused from waiving its benefits if he believes it is in his best interests to do so. The policy issue involved is whether the constitutional

provision regarding trial by jury of 12 is meant to establish that number as an essential element of every felony criminal jury trial or only to confer a right upon the accused which he may forego at his election. (See *Patton* v. *United States* (1930) 281 U.S. 276, 294-298 [74 L.Ed. 854, 861-863, 50 S.Ct. 253, 70 A.L.R. 263].)

■ The purpose of the jury trial is to prevent oppression by the government. " 'Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge.' [Citation.]" (*Williams* v. *Florida, supra,* 399 U.S. at p. 100 [26 L.Ed.2d at p. 460].)

At common law the accused could not waive trial by jury or any right intended for his protection. This rule was justified because under the old English system, conviction of a crime worked an attaint and forfeiture of official titles of inheritance, thus affecting the rights of third parties. (*Patton* v. *United States, supra,* 281 U.S. at pp. 296, 306-307 [74 L.Ed. at p. 867].) However, the common law conditions which bode against waiver of rights by the accused no longer exist under our modern system of criminal justice. (*Id.* at p. 307 [74 L.Ed at p. 867].) Since 1928 the California Constitution has permitted a criminal defendant to waive a jury trial. (Cal. Const., art. I, former § 7, repealed Nov. 5, 1974, now § 16.)[2]

It was pursuant to this authority that the pre-1980 cases held that a criminal defendant could consent to continuation of a jury trial with 11 jurors when 1 juror became incapacitated and unable to continue with the trial. The courts concluded there was no sound reason why a defendant could not waive a part of a jury since the Constitution authorized him to waive the entire jury. (*People* v. *Clark, supra,* 24 Cal.App.2d at p. 304.) The right to jury provision was meant to confer a right on the accused which he could forego at his election. To deny him the power to do so, converted a privilege into an imperative requirement. (*Id.* at p. 305.)

■ If we conclude the 1980 amendment to article I, section 16 was not intended to change existing law regarding a criminal defendant's jury trial rights, the *Clark* holding is applicable to appellant's claim. Granted, appellant's situation is novel. Rather than consenting to proceed with a number less than 12 because of an unavailable juror, appellant requested a jury of 6 before his trial commenced to control the age and gender makeup of the jury and thereby attain a "jury best suited to leniency." However, if a

---

[2] Since 1930, a defendant could waive the right to jury trial under the federal Constitution. (*Patton* v. *United States, supra,* 281 U.S. 276.)

criminal defendant can waive one juror, there is no sound reason why he cannot waive six jurors under the constitutional provision permitting him to waive a jury. (See *Patton* v. *United States, supra*, 281 U.S. at p. 290 [74 L.Ed. at p. 859].)

That the jury at common law was composed of 12 persons is a historical accident, unnecessary to effect the purposes of the jury system and without significance except to mystics.[3] (*Williams* v. *Florida, supra*, 399 U.S. at pp. 89-90, 102 [26 L.Ed.2d at pp. 454, 461].) As noted above, the purpose of the jury is to prevent oppression by the government. This function is not tied to a specific number of jurors. "[T]he number should probably be large enough to promote group deliberation, free from outside attempts at intimidation, and to provide a fair possibility for obtaining a representative cross-section of the community." (*Id.* at p. 100 [26 L.Ed.2d at p. 460].) But these goals are no less likely to be achieved when the jury numbers six than when it numbers twelve. (*Ibid.*) Moreover, the reliability of the jury as factfinder does not appear to be a function of its size, nor is the cross-section of the community element of a jury significantly diminished if the jury is decreased in size from 12 to 6. (*Id.* at pp. 100-102 [26 L.Ed.2d at pp. 460-461].) Consequently, an accused enjoys the benefits intended from jury trial whether he requests the usual jury of 12 or a lesser number for tactical reasons.

Traditional notions of respect for the individual and personal choice also bode in favor of permitting appellant to waive a 12-person jury in favor of a lesser number. ▆▆ An accused may waive any rights in which the public does not have an interest and if waiver of the right is not against public policy. (*Patton* v. *United States, supra*, 281 U.S. at p. 296 [74 L.Ed. at p. 862].)[4] ▆▆ The right of trial by jury is primarily for the protection of the accused. While the state has an interest in preventing accused persons from waiving away their liberties and going to jail, there is no practical danger of that. (*Id.* at pp. 295-297 [74 L.Ed. at pp. 861-862].) Moreover, the United States Supreme Court has rejected the proposition that waiver of trial by jury in criminal cases is against public policy. (*Id.* at pp. 302-308 [74 L.Ed. at pp. 865-868].) Finally, " '[T]o deny [a defendant] in the exercise of his free choice the right to dispense with some of these safeguards . . . is to imprison a man in his privileges and call it the Constitution.' [Citation.]" (*Faretta* v. *California* (1975) 422 U.S. 806, 815 [45 L.Ed.2d 562, 570, 95 S.Ct. 2525].)

---

[3] "Lord Coke's explanation that the 'number of twelve is much respected in holy writ, as 12 apostles, 12 stones, 12 tribes, etc.' is typical." (*Williams* v. *Florida, supra*, 399 U.S. 88-90 [26 L.Ed.2d at pp. 454-455], italics and fns. omitted.)

[4] The California Constitution requires the consent of the People before a jury may be waived. (Cal. Const., art. I, § 16.) Here, the People consented to appellant's waiver of a 12-person jury and the election to be tried by 6 persons.

"[W]hatever else may be said of those who wrote the Bill of Rights, surely there can be no doubt that they understood the inestimable worth of free choice. [¶] . . . Personal liberties are not rooted in the law of averages. The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide. . . . And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of, that respect for the individual which is the lifeblood of the law.' [Citation.]" (422 U.S. at pp. 833-834 [45 L.Ed.2d at p. 581].)

## CONCLUSION

We hold that the California Constitution mandates a 12-person jury trial for a felony defendant only when the defendant does not waive the right to such a jury. Under the article I, section 16 provision permitting criminal defendants to waive a jury, a defendant accused of a felony can waive a portion of the 12-person jury provided the waiver conforms to that required for trial without any jury.[5] Thus, the waiver must be "by the consent of both parties expressed in open court by the defendant and the defendant's counsel." (Cal. Const., art. I, § 16.) In this case, appellant expressed on the record in open court his desire to waive a 12-person jury and to have his case heard by a jury of 6. Defense counsel and the district attorney also agreed on the record to a six-person jury. Accordingly, appellant was properly tried and convicted with a six-person jury after he waived his right to a twelve-person jury.

The judgment is affirmed.

Martin, J., and Stone (W. A.), J., concurred.

Appellant's petition for review by the Supreme Court was denied April 26, 1990. Mosk, J., was of the opinion that the petition should be granted.

---

[5] Appellant agreed to a jury of six persons. According to *Ballew v. Georgia, supra,* 435 U.S. 223, 239 [55 L.Ed.2d 234, 246], the state may not try a criminal defendant before a jury of five persons because there is "substantial doubt about the reliability and appropriate representation of panels smaller than six." We do not reach the question whether defense counsel would provide ineffective assistance if he or she counseled a criminal defendant to agree to less than six jurors.